# United States Court of Appeals
## For the First Circuit

No. 15-1166

UNITED STATES OF AMERICA,

Appellee,

v.

JONATHAN FEY,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Barron, Circuit Judges.

Lisa Aidlin for appellant.
Kelly Begg Lawrence, Assistant United States Attorney, with whom Carmen M. Ortiz, United States Attorney, was on brief, for appellee.

August 16, 2016

**BARRON**, **Circuit Judge**.  Defendant Jonathan Fey was convicted for his failure to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a).  He now challenges a number of the special conditions of supervised release that the District Court imposed in connection with the sentence for that conviction.  For the reasons set forth below, we vacate the condition restricting Fey's contact with children but affirm the remaining conditions that he challenges.

**I.**

Fey's obligation to register pursuant to SORNA stems from an incident that took place in 1999.  In August of that year, Fey -- then 29 years old -- rented a motel room to host a party with his co-workers, one of whom was V.P., a 16-year-old girl. Fey provided V.P. with alcohol and then raped her after she passed out.  As a result of that incident, Fey was convicted in Massachusetts state court of (1) rape and (2) indecent assault and battery on a person over 14 years of age.  Fey served nine years in prison and was released on June 9, 2010.

After his release from prison, Fey registered as a sex offender on five separate occasions.  After June 22, 2011, however, he failed to continue to update his registration.  In July 2011, a warrant was issued for his arrest based on Fey's failure to register.  Fey was eventually located and arrested in Ohio in May

- 2 -

2014.  At the time of his arrest, Fey was living with his fiancée and her four minor daughters.

Fey pleaded guilty to the SORNA violation on October 28, 2014, in the U.S. District Court for the District of Massachusetts. At his sentencing, the District Court imposed a period of imprisonment of eighteen months, a five-year period of supervised release, and a number of conditions of supervised release, three of which Fey now challenges on appeal.

## II.

We assess the validity of a special condition of supervised release by applying 18 U.S.C. § 3583(d) and §5D1.3(b) of the United States Sentencing Guidelines.  United States v. Pabon, 819 F.3d 26, 30 (1st Cir. 2016).  Those provisions "require that special conditions cause no greater deprivation of liberty than is reasonably necessary to achieve the goals of supervised release, and that the conditions be reasonably related both to these goals and to the nature and circumstances of the offense and the history and characteristics of the defendant."  Id. (quoting United States v. Del Valle-Cruz, 785 F.3d 48, 58 (1st Cir. 2015)).

In imposing a special condition, "the district court is 'required to provide a reasoned and case-specific explanation for the conditions it imposes.'"  Id. (quoting Del Valle-Cruz, 785 F.3d at 58).  Such an explanation both is required by statute, see 18 U.S.C. § 3553(c), and facilitates our review on appeal, Pabon,

819 F.3d at 31.  If the sentencing court does not explicitly provide such an explanation, however, we will not automatically vacate the condition.  Id.  Instead, we will attempt to "infer the court's reasoning from the record."  Id.  "In all cases, however, the sentence must find 'adequate evidentiary support in the record.'"  Id. (quoting Del Valle-Cruz, 785 F.3d at 58).

**A.**

Fey first challenges a condition restricting his right to associate with minors.  That condition reads:

> The defendant shall have no direct or indirect contact with children under the age of 18, except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense, and who has been approved by the [probation office].

Fey argues that the District Court erred in failing to provide an explanation for this condition and that the District Court's reasoning cannot be inferred from the record.  The parties dispute whether Fey objected on this ground below and further dispute the standard of review.  We need not resolve that dispute, however, as we conclude that Fey can meet the more demanding plain-error standard that the government asks us to apply.  That standard requires him to show "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings."  United

- 4 -

States v. Padilla, 415 F.3d 211, 218 (1st Cir. 2005) (en banc) (quoting United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001)).

The government concedes that the District Court "did not expound on its reasons" for imposing this associational condition. Indeed, the District Court simply stated: "[T]his is a draconian order, but I fear that I must impose it."  The government contends, however, that the District Court's "reasoning is readily inferred from the record."  We disagree.

In Pabon, we noted that "we have vacated associational conditions where the defendant's prior sex offense occurred in the distant past, the intervening time was marked by lawful social activity, and the district court did not otherwise explain the need for such restrictions."  819 F.3d at 31 (citing Del Valle-Cruz, 785 F.3d at 59-64).  Here, the offense that triggered Fey's registration requirement, which occurred in 1999, is a remote one.[1] Cf. Del Valle-Cruz, 785 F.3d at 53, 59 (finding it "troubling" that the District Court had imposed associational conditions fifteen years after the defendant's underlying sex conviction).[2]

---

[1] We note also that, according to the presentence report, the triggering offense occurred at a time when Fey was struggling with alcohol abuse.  The record indicates that he has been sober since 1999.

[2]  We take the government's point that Fey has spent approximately thirteen of the seventeen years since Fey's most recent sex offense in prison.  But we disagree with the government that, as a result, "the temporal connection between Fey's most recent prior sex offense and the no contact with minors condition is compelling."  Although the years of incarceration are relevant

In addition, Fey has not committed any sexual or violent crimes in the intervening years. According to the record, the only unlawful activities in which Fey has engaged between 1999 and today were his failures to register as a sex offender and a violation of the probation condition restricting him from living with children. Cf. id. at 60 & n.10 (vacating a similar condition even though the defendant had been convicted four times, including once for domestic battery, in the intervening years since his conviction for a sex crime); United States v. Mercado, 777 F.3d 532, 534 (1st Cir. 2015) (upholding a similar condition in part because the sentencing court had noted that "the defendant had what may have been one of the most profuse criminal histories the court had ever seen"). And, although the condition does not "place an outright ban on [Fey's] association with minors," it operates not "in limited contexts" but in all contexts. Pabon, 819 F.3d at 31-32.

Nevertheless, the government argues that other aspects of the record make the District Court's unstated reasoning plain. See id. at 31 (noting that we have upheld associational conditions even when the defendant has not committed a sex offense or

---

to an analysis of the danger Fey may pose to the public, they do not transform an offense that took place seventeen years ago into one that took place four years ago. Cf. Del Valle-Cruz, 785 F.3d at 52, 59 (focusing on the time between the underlying conviction and the imposition of the challenged condition without discounting that time based on the years the defendant had spent in jail in between).

substantial other criminal activity in recent years when the defendant's conduct "otherwise indicates an enhanced risk to minors"). The government first notes that Fey's triggering offense was for rape and that it was not his first sex offense. Rather, in 1989, when Fey was 19 years old, he was convicted of sexual assault in the third degree on the basis of a relationship he had with his 14-year-old girlfriend.[3] Next, the government points out that the record shows that, in consequence of that conviction, Fey was ordered to have no further contact with his 14-year-old girlfriend after the 1989 conviction and yet was seen in his car with her about a year later. The government further notes that the record shows that, as a condition of his probation for his 1999 rape conviction, Fey was also ordered to "have no unsupervised contact with children under the age of 18, other than his own child" and was prohibited "from sleeping in a residence in which there was a minor, other than his own child, under the age of 18, even with an adult present." But, notwithstanding those restrictions, Fey admits that he was living with his fiancée and her four minor daughters prior to his 2014 arrest.

In pressing this contention, the government contends that our decision in Del Valle-Cruz, in which we vacated a similar, unexplained associational condition imposed on another defendant

---

[3] This conviction apparently did not trigger any requirement to register as a sex offender.

who had been convicted of a SORNA violation, is not to the contrary. The government rightly points out that Fey has committed both more (two as opposed to one) and more serious (rape as opposed to sexual battery) sex offenses than had Del Valle-Cruz and that Del Valle-Cruz had not violated prior no-contact orders while Fey has (by living with his fiancée's daughters in 2014 and by contacting his underage girlfriend in 1990).

But while we agree with the government that the record here provides greater support for upholding the associational condition than did the record in Del Valle-Cruz, the associational condition imposed here -- in addition to having a weak temporal connection with Fey's sex offense -- is very broad. It prohibits Fey from having unapproved "direct or indirect contact" with all children: male children, female children, and children of all ages, whether or not they are members of Fey's family. Yet, as Fey points out, the record reveals no instances in which Fey committed a sex offense of any kind against boys, against pre-pubescent children, or against members of his family. And the government has made no argument that Fey is a danger to such children. Cf. United States v. Vélez-Luciano, 814 F.3d 553, 564 (1st Cir. 2016) ("The record reflects that Vélez-Luciano only poses a threat to young girls -- nothing suggests he has any predilection towards males."). Thus, given that the District Court did not give any explanation, we conclude that the District Court committed a clear

or obvious error, thus satisfying the first two prongs of the plain-error standard Fey must meet. See United States v. Perazza-Mercado, 553 F.3d 65, 78 (1st Cir. 2009).

And Fey has also satisfied the third and fourth prongs of the plain-error test. As we explained in Perazza-Mercado, when a District Court provides no explanation for a condition that does not find apparent support in the record, "there is a reasonable probability that the court might not have imposed the prohibition if it had fulfilled its obligation to explain the basis for the condition or at least made sure that the record illuminated the basis for the condition." Id. And, as we further explained, "[w]e cannot endorse the summary imposition of such a significant prohibition," unexplained by the District Court and without apparent grounding in the record, "without impairing the 'fairness, integrity, or public reputation of the judicial proceedings.'" Id. at 79 (quoting United States v. Wallace, 461 F.3d 15, 44 (1st Cir. 2006)). Thus, although restrictions on Fey's ability to interact with such children might conceivably be justifiable under § 3583(d), we conclude this associational condition must be vacated.[4]

---

[4] Because we conclude that the condition must be vacated on this ground, we need not address Fey's contention that the condition represents an over-delegation of authority by the District Court to the probation office.

**B.**

Fey next challenges a condition that relates to his employment. That condition, as orally imposed by the District Court at the sentencing hearing,[5] is the following.

> [The defendant] shall not be employed in any capacity that may cause [him] to come into direct contact with children except under circumstances approved in advance by the Probation Office and [he] shall not participate in any volunteer activity that may cause [him] to come in direct contact with children except under circumstances approved in advance by the Probation Office.

The District Court again did not provide any particularized explanation for this condition. And Fey again contends that the record does not support the condition. But we do not agree, even assuming (contrary to the government's contention) that this challenge is preserved and thus subject to review for abuse of discretion.

Although the District Court did not spell out its reasoning, the record here plainly indicates that Fey could pose a danger to children in the employment context. Fey's prior sex offense involved raping an underage co-worker after providing her with alcohol at a party that he was hosting for his co-workers.

---

[5] This condition does not appear in the written judgment, but Fey makes no argument that it was not actually imposed. And for good reason. We have said that, where the conditions imposed orally "'conflict in a material way' with the conditions that ended up in the judgment," "the oral conditions control." United States v. Santiago, 769 F.3d 1, 10 (1st Cir. 2014) (quoting United States v. Sepúlveda-Contreras, 466 F.3d 166, 169 (1st Cir. 2006)).

Thus, a condition requiring that he seek approval from probation before accepting a job or volunteer activity that would bring him into direct contact with minors is reasonably related to his criminal history. Cf. Del Valle-Cruz, 785 F.3d at 57 ("Because Del Valle-Cruz's underlying conviction arose from an incident that took place in his workplace, with a minor volunteer, these two [employment] restrictions are at least reasonably related to his history and characteristics.").

Fey argues that the condition should be vacated because it, like the general associational condition discussed above, does not differentiate between types of children to whom Fey arguably poses some risk and others -- like boys and young children -- to whom he apparently does not. But this condition is less sweeping than the more general associational condition. It operates only in the "limited context[]" of employment. See Pabon, 819 F.3d at 31-32. In addition, Fey must seek that approval only before accepting a job that would put him in "direct," rather than "direct or indirect" contact with children. There is thus no reason to believe that such a requirement will impose the kind of significant restriction on Fey's liberty that the more general associational condition (which uses the "direct or indirect" formulation) would. Accordingly, because the District Court's reasoning for imposing this condition can be inferred from the record, we conclude that

- 11 -

the District Court did not abuse its discretion in imposing the condition without an express explanation.

Fey also makes a number of arguments based on 18 U.S.C. § 3563(b)(5) and §5F1.5 of the United States Sentencing Guidelines. These arguments, which he unmistakably did not raise below, fail as well. Even if Fey is correct that this condition is an occupational restriction subject to § 3563(b)(5) and §5F1.5 and that the District Court failed to abide by the terms of those sections in imposing that condition, he cannot show plain error, as he must to prevail on this newly pressed challenge. See Padilla, 415 F.3d at 218. As set forth above, to meet the plain-error standard, Fey must show "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting Duarte, 246 F.3d at 60). But Fey has made no argument that any error the District Court committed in imposing this condition affected his substantial rights or seriously impaired the fairness, integrity, or public reputation of judicial proceedings. Thus, he has not met his burden on plain-error review and we have no basis on which to vacate the condition. See United States v. Olano, 507 U.S. 725, 734 (1993) (explaining that, on plain-error review, "[i]t is the defendant rather than

the Government who bears the burden of persuasion with respect to prejudice.").[6]

## C.

Fey's final challenge is to the condition that reads, in pertinent part: "The defendant shall participate in a sexual specific evaluation or sex offender specific treatment, conducted by a sex offender treatment provider, as directed and approved by the Probation Office."  On appeal, Fey appears to challenge the imposition of both sexual specific evaluation and sex offender specific treatment.  But the government argues that he affirmatively waived his objection to both aspects of this condition in the course of a colloquy with the District Court.  We agree.

The relevant colloquy proceeded as follows.

> **Fey's Counsel**: I would ask . . . that the Court allow Probation to have Mr. Fey go under a sex offender evaluation, and I've had that on other occasions, and the reason I like the evaluation is if they have an evaluation and they have information that comes back saying this doctor says this man needs treatment, they can come back to the Court.  However, when you attach the horse to the cart, the cart tends to get pulled along because it's all one in the same, meaning that the treatment --
>
> **The Court**:  But Probation doesn't have to direct it and Probation -- it is as directed and approved by Probation.

---

[6] Fey briefly adverts to an argument that the District Court erred by delegating authority to probation to oversee his employment, but he has not developed that argument and so we deem it waived.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

> Probation doesn't require it in every sentence. Probation tailors it to the situation as they see it. So, this is not a mandatory thing. It is something that Probation may ask for and if it does, he can object.
>
> **Fey's Counsel**: Fine. I'll cross that bridge. I would object, though, to [other conditions] . . . .

Through this exchange, Fey disclaimed any objection to the imposition of a sexual specific evaluation by requesting that such an evaluation take place. He then affirmatively abandoned any objection to the sex offender treatment portion of the condition upon being told that he could object at a later date if probation does in fact direct such treatment. Having "intentional[ly] relinquish[ed] . . . [his] known right" to object to either aspect of the condition, Fey cannot now re-assert that right on appeal. Id. at 725, 733.[7] As the District Court instructed him at sentencing, he is free to object at a later date if he is in fact ordered to undergo sex offender treatment.

## III.

For the reasons set forth above, we **vacate** the condition restricting Fey's "direct or indirect contact with children under the age of 18" and **remand** for re-sentencing limited to a re-examination of that condition.

---

[7] For the same reason, Fey waived any argument that, as he now asserts, this condition represented an improper delegation of authority by the District Court to the probation office.