# United States Court of Appeals
## For the First Circuit

_____

No. 15-2103

UNITED STATES OF AMERICA,

Appellee,

v.

FERNANDO DASILVA,

Defendant, Appellant.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

_____

Before

Lynch and Selya, Circuit Judges,
and Burroughs*, District Judge.

_____

Tara I. Allen for appellant.
Donald C. Lockhart, Assistant United States Attorney, with
whom Peter F. Neronha, United States Attorney, was on brief, for
appellee.

_____

December 16, 2016

_____

_____

* Of the District of Massachusetts, sitting by designation.

**BURROUGHS**, **District Judge**. Defendant Fernando DaSilva pled guilty to failing to register as a sex offender in violation of the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250(a). On appeal, he challenges several of the conditions of supervised release that the district court imposed in connection with his sentence, including sex offender treatment and provisions restricting contact with minors. We hold that the conditions are reasonable, but remand for further clarification consistent with this opinion.

## I. Background

The defendant plead guilty in 2015 to violating the registration requirements of SORNA and was sentenced to time served, as well as five years of supervised release. He admitted that he was convicted of possession of child pornography by a Rhode Island state court in 2006, that he was required to register as a sex offender as a result, and that, in early 2015, he moved from Pawtucket, Rhode Island to Fall River, Massachusetts without updating his registration.

The facts related to defendant's 2006 child pornography conviction are as follows. In November 2005, the defendant's car was pulled over by police because he was wanted on open warrants and his driver's license was suspended. A 14-year-old girl was a passenger in the car. The girl had been reported as missing and was wanted on a truancy warrant. While searching the car, police

found two photographs of the girl in which she was nude and exposing her genital area in a sexually suggestive pose. The defendant admitted that the photos had been in his possession for over a week, but claimed that he was not present when they were taken and had no knowledge of the circumstances around them. He also said that he did not engage in any sexual conduct with the girl, even though he had been living with her in his car and at the homes of friends for a week. The defendant knew the girl had a truancy warrant. He also said they used crack cocaine together. He was 35 at the time of the arrest. In March 2006, he pled guilty to possession of child pornography and driving with a suspended license. He was sentenced to five years' imprisonment on the possession charge and a one-year concurrent term on the driving charge.

The defendant has an extensive criminal record from 1989 through 2005, including convictions for larceny, breaking and entering with intent to commit a felony, driving a stolen vehicle, possessing cocaine, possessing a stolen vehicle, receiving stolen goods, escape by an inmate, possessing a weapon, and obstructing a police officer. After the defendant was released from prison on the child pornography conviction, he was additionally convicted of possessing marijuana (2010), possessing crack cocaine (2011), and disorderly conduct (2012).

In September 2015, the district court sentenced the defendant to time served on the SORNA violation, followed by five years of supervised release. The court also imposed the following conditions of release, to which the defendant objects on appeal:

Special condition 5. The defendant shall "participate in sex offender treatment as directed by the probation officer and, as an adjunct to that treatment, to submit to periodic polygraph testing at the discretion of the probation office to ensure that you are in compliance with the requirements of your supervision and treatment."

Special condition 8. The defendant shall "have no contact with any child under the age of 18, with the exception of your own children, without the presence of an adult who is aware of your history and who is approved in advance by the probation officer."

Special condition 9. The defendant shall not "loiter in areas where children congregate [including] but not limited to, schools, day care centers, playgrounds, arcades, amusement parks, recreation parks, and youth sporting events."

Special condition 10. The defendant shall not "be employed in any occupation, business, or profession, or participate in any volunteer activity where there is access to children under the age of 18, unless authorized in advance by the probation officer."

Special condition 11. The defendant shall "live at a residence approved by the probation office, and not reside with anyone under

the age of 18, [with the exception of your own children,][1] unless approved, in advance, by the probation office."

The defendant's counsel raised general, somewhat pro forma objections to the conditions at sentencing. The defendant now appeals, arguing that the special conditions were not reasonably related to the defendant's conviction (failing to register), his history, or the goals of sentencing. He also claims that the conditions are overbroad and impose a greater deprivation of liberty than is reasonably necessary.

## II. Discussion

"We review conditions of supervised release for abuse of discretion." United States v. Del Valle-Cruz, 785 F.3d 48, 58 (1st Cir. 2015). "The court exceeds its discretion when it fails to consider a significant factor in its decisional calculus, if it relies on an improper factor in computing that calculus, or if it considers all of the appropriate factors but makes a serious mistake in weighing such factors." Id. (quoting Colon-Cabrera v. Esso Standard Oil Co., 723 F.3d 82, 88 (1st Cir. 2013)). To evaluate the conditions of supervised release, we apply 18 U.S.C. § 3583(d) and U.S.S.G § 5D1.3(b), which together require that the conditions "involve[] no greater deprivation of liberty than is

---

[1] As discussed below, the written judgment omits the "own children" exception, but the oral decision includes the "own children" exception.

reasonably necessary" to achieve the goals of the sentence, 18 U.S.C. § 3583(d)(2), and that the conditions be "'reasonably related' both to these goals and to the 'nature and circumstances of the offense and the history and characteristics of the defendant,'" United States v. Perazza-Mercado, 553 F.3d 65, 69 (1st Cir. 2009) (quoting 18 U.S.C. § 3583(d)(1) and § 3553(a)(1)). The district court is required to set forth a "reasoned and case-specific explanation" for the conditions it imposes. Id. at 75 (quoting United States v. Gilman, 478 F.3d 440, 446 (1st Cir. 2007)).

First, the defendant argues that because his conviction for child pornography occurred nine years prior to the SORNA violation, and because he has not been convicted of a sex-related offense in the intervening years, the district court had insufficient justification to impose conditions related to the child pornography conviction.

In two recent cases, we upheld nearly identical conditions in similar circumstances. United States v. Pabon, 819 F.3d 26 (1st Cir.), cert. denied, 137 S. Ct. 345 (2016); United States v. Mercado, 777 F.3d 532 (1st Cir. 2015). In Mercado, even though the underlying sex offense "occurred some ten years prior to sentencing" for the SORNA violation, "the defendant's persistent criminal involvement over the intervening years [made] his earlier offense highly relevant." 777 F.3d at 538. We also

recognized that the SORNA violation itself is "a type of lapse that has been credibly linked to an increased risk of recidivism." Id. at 539. And we explained that it was important that the conditions imposed by the district court did not "comprise an outright ban on the defendant's ability to associate (or even live) with his minor children." Id. Instead, the conditions required visits with his own children to be pre-approved by the probation officer and to take place in the presence of an adult familiar with his criminal history. Id.

In Pabon, the sex offense conviction occurred only three years prior to the SORNA conviction, but we explained that "subsequent criminal conduct, whether or not of a sexual nature, indicates an enhanced risk of recidivism." Pabon, 819 F.3d at 29, 31. Further, "associational conditions may be proper where the defendant has recently committed a sex offense against a minor, *or* where the intervening time between a prior sex offense and the present conviction is marked by substantial criminal activity, *or* where the defendant's conduct otherwise indicates an enhanced risk to minors." Id. at 31 (citations omitted). This is particularly true when the associational conditions "do not place an outright ban on association with minors, but only curtail association, such as by requiring pre-approval by the probation officer or another authority." Id. at 31-32. We also found it relevant to the reasonableness of the condition that, like here, there was not an

outright ban on the defendant's ability to associate with his own children. Id. at 34.

Mercado and Pabon are consistent with prior caselaw. See, e.g., United States v. Morales-Cruz, 712 F.3d 71, 73–75 (1st Cir. 2013) (upholding sex offender-related conditions of supervised release where underlying sex offense occurred 16 years prior, as defendant had multiple intervening convictions, including acts of violence against women, and his "record shows a pattern of failure to comply with court orders and conditions of probation imposed for his crimes"); United States v. Sebastian, 612 F.3d 47, 49, 51 (1st Cir. 2010) (upholding sex offender-related conditions of release on drug conviction where defendant was convicted of sexual assault eight years prior and "multiple convictions for drug offenses" indicated defendant had trouble obeying court orders and thus was likely to reoffend).

In this case, although the defendant's 2006 child pornography conviction occurred 10 years ago, he has been convicted of three more crimes in the intervening years. Further, the defendant was incarcerated for the first five years after his 2006 conviction, which means that he has committed three crimes in the five years that he has been free. As Mercado and the other cases indicate, a 10-year-old sex crime conviction is not so old that it was unreasonable for the district court to consider it. Combined with the defendant's extensive criminal history both before and

after that conviction, which indicates that he has difficulty obeying court orders and could have been considered by the district court as highly likely to reoffend, the district court did not abuse its discretion in imposing the sex offender-related conditions. The conditions also do not impose too great an infringement on his associational rights, as they are less stringent than those approved in Mercado and Pabon, where the conditions did not contain exceptions for the defendants' own children. Mercado, 777 F.3d at 535; Pabon, 819 F.3d at 29.

The defendant relies heavily on Del Valle-Cruz, which vacated conditions of release similar to those at issue here, including sex offender treatment and a prohibition on interaction with minors. 785 F.3d at 64. The present case is distinguishable from Del Valle-Cruz in several ways, however. In Del Valle-Cruz, the underlying sex offense occurred 15 years prior to the SORNA violation, and although the defendant had been convicted of a few registry violations and a domestic battery in the years immediately after the sex offense, he had subsequently turned his life around and had no convictions (aside from the failure to register) for more than nine years. Id. at 52-53, 60-61 (distinguishing Mercado, where defendant had an extensive criminal history). In contrast, in this case, the defendant's criminal activities are numerous and show no sign of cessation. Furthermore, his sex offense is considerably more recent. Additionally, Del Valle-Cruz emphasized

- 9 -

that the district court had provided no explanation or justification whatsoever for imposing the conditions, id. at 56–58, unlike here, where the district court did provide some explanation. Finally, the conditions in Del Valle-Cruz implicated a fundamental constitutional liberty interest, id. at 62 (condition prohibited all contact with minors, including defendant's own son), in a way not at issue in this case, where the district court included an exception for the defendant's own child and others with permission.[2]

Next, the defendant argues that the district court failed to provide a sufficient explanation to support the conditions it imposed. When the defendant objected to the conditions of supervised release, the district court responded: "to all of those I say the information contained in paragraph 51 of the presentence report [is] sufficient to support the Court's making those orders." Paragraph 51 explains the details of the

---

[2] In a Rule 28(j) letter, see Fed. R. App. P. 28(j), the defendant additionally cites to United States v. Fey, 834 F.3d 1 (1st Cir. 2016). In that case, the defendant had been convicted of the underlying sex offense in 1999, and since that time, his only crimes were failure to register and violation of a probation condition prohibiting him from residing with minors. Id. at 4. Furthermore, the conditions prohibited him from having contact with any children, including family members. Id. at 5. While the court reversed the associational conditions, it nevertheless upheld an employment condition. Id. at 6. Considering that the defendant's criminal history is more extensive than that in Fey, and that his conditions contain an exception for his own child, Fey does not command a reversal here.

2006 child pornography conviction. In addition, when the defendant objected to the condition that prohibits residing with children, the district court responded, "[i]t says without prior authorization." [3]

The defendant claims that the reference to paragraph 51 is "too tenuous a rationale" to support the imposition of the conditions, but we have previously upheld similar explanations. See Mercado, 777 F.3d at 535 (district court's rationale was that probation office had discretion to order sex offender treatment; such treatment is "fairly standard in sex offender cases;" and probation office could review living and employment situations to mitigate risk); cf. Del Valle-Cruz, 785 F.3d at 62 (reversing where "district court provided us *no clue* as to its reasoning" (emphasis added)). In this instance, we can infer from the district court's reference to paragraph 51 that it was concerned about the serious nature of the underlying sex offense, and that this prior offense,

---

[3] At the beginning of oral argument, when counsel for the defendant was discussing the conditions, she described this condition as "*presumably* allow[ing] him to have unsupervised contact with his child." (emphasis added). Later, counsel represented that the condition was that he could have no contact with children under 18 without supervision, omitting the exception for his own child. Although there was a discrepancy between the written and oral judgment, we assume counsel was aware of this discrepancy and understood that the oral judgment controls. Fey, 834 F.3d at 6 n.5. Counsel may have intended only to use shorthand, but we nevertheless remind her that the duty of candor requires a certain amount of clarity, even if it comes at the expense of brevity.

when combined with the defendant's criminal history, made him more likely to reoffend. In addition, the district court pointed out that the probation office could make exceptions to some of the conditions as needed.

The defendant also argues that the terms of special conditions 8, 10, and 11, each of which allow the probation officer to approve specific exceptions to those conditions, are not enough to salvage conditions that are otherwise impermissible. In its brief, the United States responds as though the defendant was making an unpreserved delegation claim, but the defendant conceded at oral argument that the argument is not about delegation. Rather, his point is that the conditions themselves hinder the parent-child relationship, and the ability to petition the probation office for an exception is not sufficient to justify leaving the conditions in place. As discussed above, however, these conditions are permissible and virtually identical to conditions in other cases that we have upheld. See Pabon, 819 F.3d at 29; Mercado, 777 F.3d at 535. Furthermore, giving the probation officer some authority to make exceptions as warranted is generally seen as a benefit of such orders in that it allows for flexibility and permits personal circumstances to be dealt with as they arise. See Pabon, 819 F.3d at 31–32 (citing Mercado, 777 F.3d at 539; United States v. Santiago, 769 F.3d 1, 6 (1st Cir. 2014); and United States v. Smith, 436 F.3d 307, 312 (1st Cir. 2006)). Should the

defendant object to a decision of the probation officer, he has the option of seeking redress with the district court pursuant to 18 U.S.C. § 3583(e)(2). See Mercado, 777 F.3d at 539.

Additionally, the defendant claims that the limitations on interacting with minors, loitering where children congregate, working or volunteering with minors, and residing with children (except his own) significantly impede his freedom to associate with his family. At the time of his arrest, the defendant was living as a family with his fiancée, their minor child, and his fiancée's child, who is the half-sibling of the defendant's child and whom the defendant claims to be raising as his own. The defendant argues that the conditions fail to take into account his relationship with his fiancée's child, and also significantly limit the parenting activities in which he can engage, including taking the children to and from school and participating in events like birthday parties and after-school activities.

As an initial matter, we note that there is a discrepancy between the written and oral versions of condition 11. At sentencing, the district court announced that the defendant shall "not reside with anyone under the age of 18, with the exception of your own children, unless approved in advance by the probation office." The written condition omits the "own children" exception. As a general rule, "where the conditions imposed orally conflict in a material way with the conditions that ended up in the

judgment, the oral conditions control." United States v. Fey, 834 F.3d 1, 6 n.5 (1st Cir. 2016) (quoting United States v. Santiago, 769 F.3d 1, 10 (1st Cir. 2014). Therefore, we assume that the district court intended to include the exception. Given the fact that the order could benefit from further clarification, however, we will remand to the district court with instructions to enter a corrected judgment that reflects the exception to condition 11 that allows the defendant to reside with his own child.

The defendant makes an argument that, because he lives in a home with his fiancée and two children, and is raising the fiancée's child as his own, the soon-to-be stepchild should be treated the same as the defendant's biological child for purposes of the release conditions. If that is true, it may be that the district court intended such a result when specifying that the defendant could associate and reside with his "own" children, but the order is not clear on that point. Therefore, on remand, the district court should clarify whether the fiancée's child is included in the exception to the general conditions.

Finally, we note that the restrictions on interaction with minors are not to be construed so strictly as to prohibit any manner of contact with other children. "[A]ssociational restrictions are usually read to exclude incidental encounters." Pabon, 819 F.3d at 35. Otherwise, such a prohibition could become tantamount to "house arrest." Id. In Pabon, we explained that we

would read a no-contact provision to cover only intentional conduct. Id. Due to the defendant's concerns, we instruct the district court, in revising its order, to explain the limitations of the order and to elucidate the kinds of incidental contact that are permitted. For example, if the defendant were to drop his child off at a birthday party, pausing only to check in with the adult in charge and not speaking to any children, such an activity, without more, likely should not be read to violate the conditions of his release. Similarly, it may be that the district court did not intend to limit contact with children other than his own in situations where the children are in the presence of or being supervised by other adults.

Ultimately, the conditions, even as modified, will limit the defendant's ability to participate in the full range of activities in which his children may engage. As discussed above, however, those conditions are not inherently unreasonable, and are not impermissible given the defendant's 2006 child pornography conviction, his lengthy criminal history, and his recent failure to register as a sex offender as required by law. Furthermore, many of the conditions allow the defendant to obtain permission from the probation office on an as-needed basis.

### III. Conclusion

For the reasons stated above, the conditions of supervised release are affirmed, except that those conditions

shall, on remand, be corrected and clarified consistent with this opinion.  When so corrected and clarified, the district court shall enter an amended judgment and commitment order.