17-3365-cv
*Frydman v. Experian Info. Sols., Inc. et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of November, two thousand eighteen.

PRESENT:    PETER W. HALL,
            GERARD E. LYNCH,
                    *Circuit Judges*,
            PAUL A. ENGELMAYER,
                    *Judge.**

––––––––––––––––––––––––––––––––––––––

Jacob Frydman,

            *Plaintiff-Appellant*,

            v.                                    No. 17-3365

Experian Information Solutions, Inc., Equifax Information Services LLC, Trans Union LLC,

            *Defendants-Appellees*.†

––––––––––––––––––––––––––––––––––––––

**\***Judge Paul A. Engelmayer of the United States District Court for the Southern District of New York, sitting by designation.

† The Clerk of Court is requested to amend the caption to conform to the above.

For Appellant:                              NEAL BRICKMAN, Law Offices of Neal Brickman, P.C., New York, New York

For Appellee Experian
Information Solutions, Inc.:                 ILANA GELFMAN, Jones Day, Boston, Massachusetts, Andrew S. Kleinfield, Meir Feder, Jones Day, New York, New York

For Appellee Equifax Information
Services LLC:                               DANIELLE CHATTIN (John P. Brumbaugh, *on the brief*), King & Spalding LLP, Atlanta, Georgia

For Appellee Trans Union LLC:               CAMILLE R. NICODEMUS (William R. Brown, *on the brief*), Shuckit & Associates P.C., Zionsville, Indiana

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Jacob Frydman appeals the September 22, 2017 judgment of the district court adopting the August 30, 2017 Report and Recommendation ("R&R") of Magistrate Judge Henry Pitman and dismissing Frydman's claims against Defendants-Appellees Experian Information Solutions, Inc., Equifax Information Services LLC, and Trans Union LLC for lack of subject matter jurisdiction. Frydman's amended complaint asserted claims against Defendants-Appellees for willful and negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), as well as various state law claims sounding in defamation and negligence. Although not identified in his Notice of Appeal, Frydman also seeks to challenge portions of the district court's earlier September 30, 2016 order adopting the August 11, 2016 R&R of Magistrate Judge Frank Maas and granting summary judgment to Defendants-Appellees on all

2

but Frydman's claim for willful violations of Section 1681i(a)(1)(A) of the FCRA and holding that Frydman's state law claims were preempted by the federal statute, 15 U.S.C. § 1681h(e). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

First, because Frydman failed to object to the August 2017 R&R recommending that the motion to dismiss be granted despite having received clear warning of the consequences, this Court will not review the district court's dismissal for lack of Article III standing. *See Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (quoting *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)). Magistrate Judge Pitman's R&R, which the district court adopted in full, states that "[p]ursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections. See also Fed. R. Civ. P.6(a)." J. App. 1129. It further reiterates in capital letters that "FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW." J. App. 1130 (emphases in original). Frydman's failure to heed these conditions effected a waiver of this appeal.

Frydman's status as a *pro se* litigant before the district court does not compel a different result. While Appellees suggest that Frydman, as a non-practicing attorney, should not receive the leniency accorded to other unrepresented parties, we need not address that contention. This Court has held that a *pro se's* failure to object timely to a R&R will operate as a waiver if the R&R

3

expressly states that failure to do so will preclude appellate review and cites the appropriate statutory and procedural rules. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*). Because the R&R "complied with [these] requirements in all material respects" and "explicitly warned that any objections must be filed within [fourteen] days" and that failure to do so would result in waiver of the right to appeal, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992), Frydman may not seek appellate review, even assuming *arguendo* that he should be treated like other *pro se* litigants. Although such procedural default may, in unusual cases, be excused "in the interests of justice," *Thomas v. Arn*, 474 U.S. 140, 155 (1985), Frydman has not presented a compelling case of injustice to warrant such an exercise of discretion.

Second, as noted above, Frydman's Notice of Appeal specifies that this appeal is taken only from the September 22, 2017 judgment of the district court (adopting the August 30, 2017 R&R of Magistrate Judge Pitman) dismissing the action for lack of subject matter jurisdiction. J. App. 1139. The Notice of Appeal fails to identify as the subject of this appeal the district court's September 30, 2016 order adopting the August 11, 2016 R&R of Judge Maas and granting partial summary judgment to Defendants-Appellees. *See* Fed. R. App. P. 3(c)(1)(B) (requiring the Notice of Appeal to "designate the judgment, order, or part thereof being appealed"). This Court thus lacks jurisdiction to review Frydman's challenges to the earlier September 30, 2016 order. *See New Phone Co. v. City of New York*, 498 F.3d 127, 131 (2d Cir. 2007) (*per curiam*); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995). Nor can we construe the Notice of Appeal liberally to infer Frydman's intent to seek review of the grant of summary judgment on his state law claims, as the Notice of Appeal refers only to Frydman's "pending claims"—*i.e.*, his claims for willful violations of the FCRA. *See Kovaco v. Rockbestos-Surprenant Cable Corp.*, 834 F.3d

4

128, 135 (2d Cir. 2016); J. App. 1139.  We therefore lack "authority to waive the jurisdictional requirements of Rule 3(c)(1)(B), and our jurisdiction is limited by the wording of the notice." *Kovaco*, 834 F.3d at 135 (internal quotation marks and alterations omitted).

We have considered Frydman's remaining arguments and find them to be without merit. We hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

5