# United States Court of Appeals
## For the First Circuit

No. 20-1234

UNITED STATES OF AMERICA,

Appellee,

v.

ROBERT McCULLOCK,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

---

Before

Lynch, Lipez, and Thompson,
Circuit Judges.

---

Brendan Kelley, Assistant Federal Public Defender, for appellant.

Donald C. Lockhart, Assistant United States Attorney, with whom Andrew E. Lelling, United States Attorney, was on brief, for appellee.

---

March 18, 2021

---

**THOMPSON**, <u>**Circuit Judge**</u>.  We affirm the district judge's imposition of three special conditions of supervised release.  The how, what, and why behind our decision follows.

### How the Case Got Here[1]

Robert McCullock has spent much of his life on the wrong side of the law.  And his rap sheet is quite disturbing, to say the least.

First there is his state conviction for two counts of child molestation:  In separate incidents in 1999 and 2000, McCullock sexually abused five- and nine-year-old girls in Georgia.  And the three-year-old brother of the five-year-old girl witnessed his sister's molestation.  McCullock admitted both offenses, going so far as to reveal that he had tried to (but could not) put his penis in the five-year-old girl's vagina.  He ended up  with an eight-year prison sentence in 2002.

Then there is his federal conviction for using a computer to send child pornography:  In 2001, while on bond during the pendency of the molestation case, McCullock participated in a child-porn file-sharing service.  German police downloaded three child-porn images from his computer located in the United States (two of the images showed adult men raping girls as young as six).

---

[1] The major background events are undisputed.

And Georgia police discovered hundreds of kiddie-porn images — and thousands of erased images — on a computer he had pawned. During his presentence interview in that case, he told authorities that he watched child pornography on his computer to lessen his desire to abuse children and that he "felt he had no cravings for children anymore at that point" when "he sold his computer" (these are not direct quotes from McCullock but rather probation's summary of what he said). After pleading guilty to using a computer to transport child porn, he got sentenced to ninety-two months in prison, to run consecutively with the state-prison term, and to three years of supervised release. His conditions of supervised release there included bans on committing any state or federal crime; possessing or viewing sexual materials depicting children or adults; having any contact with minors unless accompanied by an adult who is approved by probation and who knows of his child-sex-abuse history; and using or possessing a computer with internet access without probation's prior say-so.

And finally there is his state conviction for indecent assault and battery on a person over the age of fourteen: In 2017, while on supervised release for the child-porn offense, McCullock (according to a report by police in Massachusetts) tried to rape his then-girlfriend. During the violent encounter, he (according to her) said that "he was going to rape her" and that she had to

- 3 -

"'suck[]' and 'fuck him'" — and then he "threw [her] pants across the room and threw [her] on the bed numerous times." Charged with "assault to rape," he later pled down to the just-mentioned indecent-assault-and-battery offense. This time he got two years in prison.

McCullock's last run-in with the law resulted in the revocation of his supervised release — the revocation occurred after his stint in state prison for what he had done to his onetime-girlfriend and after his civil commitment as a sexual predator. We will have more to say about the revocation later. But for now it is enough to note that following a hearing, a district judge sentenced him to six months in prison plus thirty months (or 2½ years) of supervised release, and imposed a series of special post-release conditions suggested by probation in its violation report. Three are relevant here.

Special condition 6 says that McCullock "shall not possess, access, subscribe, or view any videos, magazines, literature, or Internet websites depicting children or adults in the nude and/or engaged in sexual activities." Special condition 9 provides that McCullock "must not possess or use any computer or internet-capable device without prior approval from the Probation Office" and adds that "[a]ny such device should not be used to knowingly access or view sexually explicit materials as defined in

18 U.S.C. § 2256(2)(A)."  And special condition 12 states that McCullock "must not knowingly have direct contact, or contact through a 3rd party, with children under the age of 18, unless previously approved by the Probation Office, or in the presence of a responsible adult who has been" preapproved "by the Probation Office, and who is aware of the nature of [McCullock's] background and current offense."[2]

Unhappy with these special conditions, McCullock appeals.[3]

### What McCullock Argues And Why We Affirm

Reduced to its essence, McCullock argues that the judge "procedurally" erred by failing to adequately explain the basis for these special conditions, and then "substantively" erred by

---

[2] We took these quotes from the written judgment, which mimics language in the violation report.  McCullock says that the "judgment differs from the [judge's] oral pronouncement" at sentencing "with respect to [special] conditions 6 and 9."  But he makes no claim that the differences are "material," noting instead that the judge clearly "included the adult content in [his] prohibitions in both the oral and written conditions."  See generally United States v. Fey, 834 F.3d 1, 6 n.5 (1st Cir. 2016) (mentioning the general rule that when "the conditions imposed orally conflict in a material way with the conditions that ended up on the judgment, the oral conditions control" (quoting United States v. Santiago, 769 F.3d 1, 10 (1st Cir. 2014)).  So we need say no more on this subject.

[3] For anyone wondering:  McCullock completed the six-month prison term and is now on supervised release, subject of course to the complained-of special conditions.

making them "overly broad" (we will give more specifics shortly) — in other words, he challenges these special conditions as "unreasonable." But like the government, we find his arguments unconvincing.

*Standards of Review*

We review preserved challenges to the imposition of special-supervised-release conditions for abuse of discretion and unpreserved ones for plain error. See, e.g., United States v. Vega-Rivera, 866 F.3d 14, 20 (1st Cir. 2017).

The abuse-of-discretion standard is multi-dimensional, however. Within it, we inspect fact findings for clear error, legal issues *de novo* (in nonlegalese, with fresh eyes), and judgment calls with some deference. See, e.g., United States v. Hood, 920 F.3d 87, 92-93 (1st Cir. 2019). And we will find an abuse of discretion only when left with a definite conviction that "no reasonable person could agree with the judge's decision." See United States v. Cruz-Ramos, 987 F.3d 27, 41 (1st Cir. 2021) (internal quotations and citation omitted).

As for plain error, the standard is quite formidable. The complaining party must show that the judge erred, and glaringly so (such that the judge should have acted without an objection from counsel), and that the error affected that party's substantial rights — typically, because it likely influenced the proceeding's

outcome.  See United States v. Takesian, 945 F.3d 553, 565 (1st Cir. 2019).  And even if he meets those conditions, we will use our discretion to fix the error only if he also shows that it "seriously imperil[s]" the judiciary's public reputation.  See id.; see also Cruz-Ramos, 987 F.3d at 39.

*Explanation*
*(The Procedural-Reasonableness Challenges)*

We begin with McCullock's procedural-reasonableness challenges to the sufficiency of the judge's explanation for the special conditions, starting with conditions 6 and 9 — which (to borrow McCullock's paraphrase) ban, for 2½ years, "any possession or access to materials involving adult nudity or sexual activity."[4]

The parties dispute what standard of review applies to this aspect of McCullock's procedural-reasonableness claim.  McCullock pushes for abuse of discretion, the government for plain error.  We side with the government.

---

[4] To save the reader the need to flip back to where we quoted these conditions before:  Special condition 6 says that, for 2½ years, McCullock "shall not possess, access, subscribe, or view any videos, magazines, literature, or Internet websites depicting children or adults in the nude and/or engaged in sexual activity." And special condition 9 says that, for 2½ years, he "must not possess or use any computer or internet-capable device without prior approval from the Probation Office" and notes that "[a]ny such device should not be used to knowingly access or view sexually explicit materials as defined in 18 U.S.C. § 2256(2)(A)."

True, as both sides agree, McCullock objected to special conditions 6 and 9, telling the judge in his predisposition memo and at the final revocation hearing that nothing in the record supported adult-content restrictions. And having read every word of the hearing transcript, we agree with McCullock that the judge gave no justifications for their imposition. Nor — as McCullock also notes, without contradiction from the government — did the prosecutor or probation give any justifications below.

But the hearing transcript does reveal that McCullock never objected to the judge's lack of explanation — despite having the chance to do so. And had he protested, the judge could have cured any problem then and there — thus avoiding the need for an appeal. See, e.g., Puckett v. United States, 556 U.S. 129, 134 (2009) (noting that plain-error review "serves to induce the timely raising of claims and objections, which gives the district court the opportunity to consider and resolve them"); United States v. Dominguez Benitez, 542 U.S. 74, 82 (2004) (stating that the plain-error standard "encourage[s] timely objections and reduce[s] wasteful reversals by demanding strenuous exertion to get relief for unpreserved error"); United States v. Correa-Osorio, 784 F.3d 11, 22 (1st Cir. 2015) (explaining that the plain-error test "deters unsavory sandbagging by lawyers" — "*i.e.*, their keeping mum about an error, pocketing it for later just in case" things do

- 8 -

not work out in the district court — and "gives judges the chance to fix" any problem so cases do not needlessly bounce back and forth between district and circuit courts).

Put bluntly, McCullock's objection to the substantive constraints imposed by special conditions 6 and 9 does nothing to preserve a claim that the judge did not sufficiently explain the reasons for imposing them. See United States v. Hunt, 843 F.3d 1022, 1029 n.2 (D.C. Cir. 2016) (collecting cases from other circuits). So plain-error review it is.

This hard-to-meet standard puts McCullock in a bind, however. For even if he has shown error that is plain — after all, no one "question[s] that a district court is required to provide a reasoned and case-specific explanation for the sentence it imposes," see United States v. Gilman, 478 F.3d 440, 446 (1st Cir. 2007) — he never even tries to carry his burden of showing both that the error likely changed the case's result and that enforcing these conditions in these circumstances would seriously imperil the judiciary's reputation for fairness and integrity. Which means he has not done enough here to win on plain error. See Fey, 834 F.3d 1, 7 (1st Cir. 2016); United States v. Mulero-Díaz, 812 F.3d 92, 96-97 (1st Cir. 2016); see also Cruz-Ramos, 987 F.3d at 44.

We shift then to McCullock's procedural-reasonableness challenge to special condition 12 — which (as a matter of helpful repetition) we note says that, for 2½ years, he

> must not knowingly have direct contact . . . with children under the age of 18, unless previously approved by the Probation Office, or in the presence of a responsible adult who has been approved by the Probation Office, and who is aware of the nature of [his] background and current offense.

Despite conceding that he must prove plain error to succeed — because he neither questioned this condition's relevance below, nor complained about the judge's missing explanation at sentencing — he has not shown that applying special condition 12 would jeopardize his substantial rights and the public's perception of the fairness and integrity of our criminal-justice system. Which dashes his plain-error hopes on this issue as well. See Fey, 834 F.3d at 7; Mulero-Díaz, 812 F.3d at 96-97; see also Cruz-Ramos, 987 F.3d at 44.

Looking to turn the tables, McCullock's reply brief faults the government for not proving with record-based facts that the judge would unlikely change any of these special conditions on remand. But it is on McCullock to prove all four plain-error factors, not on the government to disprove them. See, e.g., United States v. López, 957 F.3d 302, 310 (1st Cir. 2020). So this argument does not alter our conclusion.

On to the next set of issues.

*Overbroadness*
*(The Substantive-Reasonableness Challenges)*

We now take up McCullock's substantive-reasonableness attacks on the contested special conditions, leading off with special conditions 6 and 9 — which (to copy another of McCullock's sum-ups) disallows "adult pornography and content" for 2½ years.[5] As he sees things, "[n]othing in the record" — not his "child molestation conviction," not his "child pornography conviction," and not his "indecent assault and battery conviction" — links "viewing adult pornography or adult content containing sexually explicit scenes" to his criminal conduct. And, his argument continues, because the facts in no way justify these special conditions, they are too "broad" and "restrictive" to stand.

Reviewing for abuse of discretion, as the parties agree we should, we keep the following checklist in mind:

---

[5] Here we again quote these special conditions, for the reader's convenience: Special condition 6 declares that, for 2½ years, McCullock "shall not possess, access, subscribe, or view any videos, magazines, literature, or Internet websites depicting children or adults in the nude and/or engaged in sexual activity." And special condition 9 declares that, for 2½ years, McCullock "must not possess or use any computer or internet-capable device without prior approval from the Probation Office" and stresses that "[a]ny such device should not be used to knowingly access or view sexually explicit materials as defined in 18 U.S.C. § 2256(2)(A)."

- 11 -

- Judges have "significant flexibility" in crafting special conditions. See United States v. Marino, 833 F.3d 1, 10 (1st Cir. 2016) (quoting United States v. Garrasteguy, 559 F.3d 34, 41 (1st Cir. 2009)).

- A special condition must be "reasonably related" to certain factors, including "the nature and circumstances of the offense and the history and characteristics of the defendant," see 18 U.S.C. §§ 3583(d)(1), 3553(a)(1) — as well as three goals of punishment: "deter[ring] and protect[ing] others and . . . rehabilitat[ing] the defendant," see Marino, 833 F.3d at 10 (citing 18 U.S.C. § 3553(a)(2)(B)-(D). Of note too is that the special condition must "involve[] no greater deprivation of liberty than is reasonably necessary" to accomplish those goals, see 18 U.S.C. § 3583(d)(2), and "be supported by the record," see Marino, 833 F.3d at 10 (quoting Garrasteguy, 559 F.3d at 42).

- In applying the abuse-of-discretion standard here, we focus on the "reasonableness" of the judge's judgment, taking into account the totality of the circumstances and knowing that "any one of several sentences may be reasonable in a particular case." See id. (internal quotations and citation omitted). So, looking to see if the sentence reflects "a plausible view of the circumstances and culminates in a

- 12 -

defensible overall result," see id. at 12 (internal quotations and citations omitted), we will undo "the judge's sentencing decision only if it falls outside the expansive boundaries of the entire range of reasonable sentences," see id. at 10 (internal quotations and citations omitted). Ultimately, what "separates" a "permissible" condition from an "impermissible" one "is whether, given the facts," the "restriction was 'clearly unnecessary.'" United States v. Santiago, 769 F.3d 1, 9 (1st Cir. 2014) (quoting United States v. Brown, 235 F.3d 2, 7 (1st Cir. 2000)).

McCullock cites a quintet of First Circuit cases striking down supervised-release conditions banning the possession or viewing of adult sex-related materials where the defendant stood convicted of child-sex or child-porn crimes. See United States v. Hinkel, 837 F.3d 111, 127 (1st Cir. 2016); United States v. Gall, 829 F.3d 64, 76-77 (1st Cir. 2016); United States v. Medina, 779 F.3d 55, 61-64 (1st Cir. 2015); United States v. Ramos, 763 F.3d 45, 63-64 n.28 (1st Cir. 2014); United States v. Perazza-Mercado, 553 F.3d 65, 74-79 (1st Cir. 2009). But his case is very different from those.

Recall McCullock's convictions for two child-molestation crimes, one involving his admitted attempt to force his penis into a five year old's vagina. Recall too his possessing and trading

child porn on a mind-blowing scale, with at least two images showing an adult man raping a very young girl. This concatenation of circumstances justifies an inference — unlike in the quintet of cases — that porn plays a role in McCullock's sexual misconduct.[6] See generally Ramos, 763 F.3d at 64 (indicating that the reasonable inference only has to be that "a ban on adult pornography" is "reasonably related to" the offense's "nature and circumstances" and to the defendant's "history and characteristics"). Now recall his aiming his violent sexual impulses not only at young girls but also at an adult woman: the revocation-triggering conduct, remember, involved his viciously attacking his adult girlfriend, telling her that "he was going to rape" her and that she had to "suck[] and fuck him" — just before chucking her pants aside and tossing her on a bed. And given how his perverse interests extend beyond young girls and to adult women, one can also reasonably infer that his porn problem in the *child* context could spill over into the *adult* context. Which means that the conditions here — unlike in the quintet of cases — draw on this lawbreaker's history and characteristics, providing case-specific reasons to believe

---

[6] To the extent the judge did not review the presentence report in the child-porn case — a report included in the parties' sealed joint appendix, by the way — we simply point out that we can affirm on any basis supported by the record. See, e.g., United States v. Etienne, 772 F.3d 907, 923 n.9 (1st Cir. 2006).

that adult-sexual materials could play a role in his re-offending. See generally, e.g., Gall, 829 F.3d at 76 (explaining that the record evidence in Perazza-Mercado and Medina did not "support the conclusion that pornography had 'contributed to [the defendant's] offense or would be likely to do so in the future'" (quoting Perazza-Mercado, 553 F.3d at 66, and Medina, citing 779 F.3d at 57)). At least we cannot say *on this record* that such a conclusion amounts to an abuse of discretion, which would require us to hold that "no reasonable person" could have done what the judge did here. See, e.g., United States v. Rivera-Carrasquillo, 933 F.3d 33, 44 (1st Cir. 2019), cert. denied, 140 S. Ct. 2691 (2020); United States v. Maldonado, 708 F.3d 38, 42 (1st Cir. 2013).

McCullock raises several counterarguments, none of which succeed.

For example, McCullock makes much out of how he pled guilty to "indecent assault and battery" on his then-girlfriend, not to the original charge of "assault to rape" her. But he is still stuck with his threat to "rape" her and his demand that she "suck[]" and "fuck[]" him, as well as his actions of flinging her pants across the room and dumping her on the bed. And as to these threats/demands, he never denies making them, offers no convincing ground for not crediting them, and gives us no persuasive reason why we cannot factor them into our analysis.

- 15 -

McCullock also protests that "no evidence" shows "that adult pornography or content played any role" in his "background . . . , much less in or contemporaneous to any criminal offense." But our decisions have not "forclos[ed] the imposition of" conditions like the ones here even if "pornography was not involved in the offense of conviction and there is no documented history of the defendant viewing such material" — so long as "a reason to impose" such conditions is "apparent from the record." See Perazza-Mercado, 553 F.3d at 76. And as we pointed out three paragraphs ago, the record justifies the conditions' imposition — which undermines his suggestion that this is all "post hoc conjecture."

Still searching for a winning argument, McCullock says that because German authorities downloaded the child porn from his computer "some 18 months" after his state child-molestation conviction, one cannot infer that child porn "likely caused the molestation conduct." But the record offers *no* support for the idea that he began his child-porn file-sharing *after* the molestation crimes — do not forget, he had *hundreds* of images of child-porn on his computer, with *thousands* of other images erased from there as well.

The bottom line is that because in this instance we cannot say that special conditions 6 and 9 were "clearly

- 16 -

unnecessary," see Santiago, 769 F.3d at 9 (quoting Brown, 235 F.3d at 7), McCullock's first substantive-unreasonableness challenge fails.

That leaves us only with McCullock's substantive-unreasonableness challenge to special condition 12 — which we again note (one last time) says that, for 2½ years, he

> must not knowingly have direct contact . . . with children under the age of 18, unless previously approved by the Probation Office, or in the presence of a responsible adult who has been approved by the Probation Office, and who is aware of the nature of [his] background and current offense.

Conceding that our review is for plain error — which again requires him "to show error; plainness; an adverse effect on his substantial rights; and a serious compromise of the fairness, integrity, or reputation of" the sentencing process, see Cruz-Ramos, 987 F.3d at 44 — he offers many reasons why we should vacate this special condition. But while we respect his effort, we cannot do what he asks us to do.

McCullock, for instance, complains that special condition 12 bans any "incidental" contact with minors even if "unexpected" or not "purposeful." But the special condition says (emphasis ours) that he "must not *knowingly* have *direct* contact . . . with children under the age of 18," language that limits the condition to *intentional* contacts with minors. Also and

- 17 -

importantly, the special condition is not a flat ban on knowing contacts with minors. And we know this because such contacts simply require preapproval from probation. See United States v. Cabrera-Rivera, 893 F.3d 14, 26 (1st Cir. 2018) (placing some weight on the condition's preapproval component); United States v. Pabon, 819 F.3d 26, 31-32, 35 (1st Cir. 2016) (same, adding that "associational restrictions" work "to protect the public, especially children, from the defendant, as well as to promote the defendant's rehabilitation," and noting that such restrictions "are usually read to exclude incidental encounters").

Moving on, McCullock objects that special condition 12 does not distinguish between girls and boys. Admittedly, as he emphasizes, his two molestation crimes involved very young girls. And, as he also implies, we have no clue on this record if his stash of child porn had images of boys. But even he concedes that the record shows that when he tried to sexually penetrate the five-year-old girl, her three-year-old brother was "present" (to quote McCullock's brief) — viewing so much that he could tell his mother what had happened. From all this one could infer that McCullock either wanted the boy to see the crime or was indifferent to his seeing it. Which makes the boy another one of McCullock's victims.

McCullock also protests that special condition 12 applies to minors "irrespective of age" and covers contacts with

- 18 -

"older minors."  Again, the molestation crimes and the specific child-porn images in the record involved prepubescent minors.  But there is no reason to think that his appetite for sexual violence is limited to that age group.  And there is reason to think the opposite, given his revocation-triggering acts — *e.g.*, his "rape" threat and demands for sex directed at his then-girlfriend.

Lastly, McCullock stresses that the molestations occurred about twenty years ago and that he has no child-sex-crime convictions since then.  But he spent the bulk of that intervening stretch locked up in prison and away from children.  So any suggestion by him that this "time was marked by lawful social activity" is off base.  See Pabon, 819 F.3d at 31.

As for the plain-error standard, knowing that "[t]he simplest way to decide [an issue] is often the best," see Stor/Gard, Inc. v. Strathmore Ins. Co., 717 F.3d 242, 248 (1st Cir. 2013) (quoting Chambers v. Bowersox, 157 F.3d 560, 564 n.4 (8th Cir. 1998)), we jump straight to the plainness prong — which requires McCullock to show that the judge flouted "controlling precedent" in imposing special condition 12, see United States v. Morosco, 822 F.3d 1, 21 (1st Cir. 2016) (quoting Correa-Osorio, 784 F.3d at 22).  McCullock does say that the judge "clear[ly] and obvious[ly] err[ed]" here.  But he never convincingly explains how binding authority makes this so, given the key particulars

- 19 -

highlighted in the last four paragraphs — that (a) the special condition is textually limited to intentional contacts with minors and is not a flat ban because of the probation-preapproval option; that (b) a boy was a casualty of his horrific conduct; that (c) there is no clear prepubescent/postpubescent demarcation line when it comes to his violent-sexual inclinations; and that (d) he sat in prison for many years between the molestations and the revocation-triggering behavior. See, e.g., United States v. López, 957 F.3d 302, 310 (1st Cir. 2020) (stating that the truism that "[t]he proponent of plain error must carry the burden of establishing each" facet of the plain-error test).

Perhaps McCullock thinks that his discussion of Fey fills in the blanks. If so, he is wrong. Fey got convicted under state law for raping a sixteen-year-old girl in 1999. See Fey, 834 F.3d at 3. He later pled guilty in 2014 to failing to register as a sex offender under federal law. See id. Applying plain-error review, we vacated a supervised-release condition barring "direct" and "indirect" contact with all children. See id. at 3-6. But unfortunately for McCullock, Fey's case is readily distinguishable from his. Fey — unlike McCullock — "ha[d] not committed any sexual or violent crimes in the [roughly fifteen] intervening years." See id. at 4 (noting that Fey had only failed to register and violated a condition banning him from living with

children).  Fey's condition — unlike McCullock's — also lacked a "knowingly" requirement and forbade "indirect contact" (again, McCullock's forbids him from "knowingly hav[ing] direct contact").  And the government in Fey — unlike the government here — "made no argument" based on "a danger" to boys.  See id. at 5.  So Fey does not help McCullock.

If more were needed, we point out that McCullock is free to ask the judge to modify the special condition under 18 U.S.C. § 3583(e)(2).  See, e.g., United States v. Mercado, 777 F.3d 532, 539 (1st Cir. 2015).[7]

The net result is that because McCullock has failed to prove the judge plainly erred in imposing special condition 12, his second substantive-unreasonableness challenge fails too.

**Final Words**

For the reasons recorded above, we affirm the judgment entered below.

---

[7] McCullock is right that caselaw says that "[t]o approve problematic conditions because a judge or a probation officer might, in her or his discretion, relax them in the future, undermines the command to sentencing courts to not deprive offenders of more liberty than is necessary to carry out the goals of supervised release."  See Ramos, 763 F.3d at 61.  The difficulty for him is that his special-condition-12-is-problematic thesis necessarily depends on his establishing plain error — which he has not done.