# United States Court of Appeals
## For the First Circuit

No. 14-1850

UNITED STATES OF AMERICA,

Appellee,

v.

LUIS E. PABON, JR.,

Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Thompson, Circuit Judges.

Lisa Aidlin for appellant.
Donald C. Lockhart, Assistant United States Attorney, with
whom Peter F. Neronha, United States Attorney, was on brief, for
appellee.

April 8, 2016

HOWARD, **Chief Judge**.  Luis Pabon appeals his sentence for failing to register as a sex offender in violation of the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250(a).  The district court sentenced Pabon, inter alia, to five years of supervised release with special conditions.  The conditions require Pabon to participate in a sex offender treatment program and submit to polygraph testing.  They also restrict his association with minors.  Pabon alleges that these conditions are unreasonable and violate 18 U.S.C. § 3583(d).  On appeal, Pabon also raises several other constitutional and statutory challenges for the first time.

In light of Pabon's substantial criminal history and the district court's ample explanation for the conditions imposed, we hold that the court did not exceed its sentencing discretion under 18 U.S.C. § 3583(d).  Further, a number of Pabon's claims were not preserved and, moreover, have been waived on appeal because he has made no attempt to satisfy the four-part plain error burden. See, e.g., United States v. Padilla, 415 F.3d 211, 218 (1st Cir. 2005) (en banc).  In any event, even if those claims are only forfeited, the district court's sentence, properly construed, does not amount to plain error.  Thus we affirm the sentence as construed.

## I. Background

In 2011, Pabon pled guilty to violating the registration requirements of SORNA.  Pabon was required to register because he

had been convicted in 2008 of second-degree child molestation for sexually molesting the fourteen-year-old daughter of his then-girlfriend. The district court sentenced Pabon to thirty months in prison and five years of supervised release[1] with special conditions, including:[2]

> (1) Sex offender treatment condition: "participate in a sex offender specific treatment program as directed by the probation officer";
> (2) Polygraph test condition: "participate in testing in the form of polygraphs or any other methodology approved by the Court in order to measure compliance with the conditions of treatment and supervised release";
> (3) Contact condition: "have no contact with any child under the age of 18 without the presence of an adult who is aware of the defendant's criminal history and is approved, in advance, by the probation officer";
> 4) Residence condition: "live at a residence approved by the probation office, and not reside with anyone under the age of 18, unless approved, in advance, by the probation office";
> (5) Loitering condition: "not loiter in areas where children congregate," including but not limited to "schools, daycare centers, playgrounds, arcades, amusement parks, recreation parks and youth sporting events"; and

---

[1] Originally, the district court had imposed ten years of supervised release. Pabon appealed that sentence, and in light of a recent Seventh Circuit case, United States v. Goodwin, 717 F.3d 511 (7th Cir. 2013), the United States agreed that the ten-year term was error. We remanded. See United States v. Pabon, No. 11-2005 (1st Cir. Oct. 1, 2013) (unpublished order). At resentencing, the district court reduced the supervised release term to five years.

[2] The district court also required Pabon to participate in a mental health treatment program and to comply with sex offender registration laws. Pabon does not appeal these conditions.

(6) Employment condition: "not be employed in any occupation, business, or profession or participate in any volunteer activity where there is access to children under the age of 18, unless authorized, in advance, by the probation officer."

Pabon's counsel objected to these conditions as unreasonable in violation of 18 U.S.C. § 3583(d). Notwithstanding, the district court imposed the conditions, finding that they were reasonably necessary to achieve deterrence, incapacitation, and rehabilitation in light of Pabon's profuse criminal history. That history includes the underlying sex offense conviction, four assault convictions (two within the past ten years), and another SORNA violation just months after the sex offense conviction.

Pabon timely appealed.[3] On appeal, he continues to challenge the conditions as unreasonable, in violation of 18 U.S.C. § 3583(d). He asserts that they restrict his liberty more than reasonably necessary to accomplish the goals of sentencing, that the district court failed to provide an adequate explanation for them, and that they are unsupported by the record. In addition, he raises several new arguments. He asserts that the conditions impermissibly delegate authority to a probation officer in

---

[3] We note that although Pabon agreed to an appeal waiver, the government has expressly declined to rely on the waiver. See Gov't Br. 8 ("It is easier to resolve the appeal on the merits, however, so the Court should bypass [the waiver] argument."). We have the discretion to proceed to the merits. United States v. Carrasco-De-Jesús, 589 F.3d 22, 26 n.1 (1st Cir. 2009).

violation of Article III of the Constitution, that the associational conditions unconstitutionally infringe his right to associate with his minor daughter, that the employment condition violates 18 U.S.C. § 3563(b)(5) and U.S.S.G. § 5F1.5, and that the polygraph test condition is inherently unreliable and violates the Fifth Amendment privilege against self-incrimination.

## II. Reasonableness

We hold that the conditions are reasonable under 18 U.S.C. § 3583(d). Because Pabon properly preserved these challenges below, we review for abuse of discretion. United States v. Mercado, 777 F.3d 532, 537 (1st Cir. 2015).

> In assessing the validity of the conditions of supervised release, we apply 18 U.S.C. § 3583(d) and U.S.S.G. § 5D1.3(b), which require that special conditions cause no greater deprivation of liberty than is reasonably necessary to achieve the goals of supervised release, and that the conditions be reasonably related both to these goals and to the nature and circumstances of the offense and the history and characteristics of the defendant.

United States v. Del Valle-Cruz, 785 F.3d 48, 58 (1st Cir. 2015) (internal formatting and citation omitted). These goals include "the need to deter the defendant from further criminal conduct; the need to protect the public from further crimes by the defendant; and the effective educational, vocational, medical, or other correctional treatment of the defendant." United States v. York, 357 F.3d 14, 20 (1st Cir. 2004) (citing U.S.S.G.

§ 5D1.3(b)(1); 18 U.S.C. § 3583(d)(1)); see also 18 U.S.C. § 3553(a)(2)(B)-(D).  "The critical test is whether the challenged condition is sufficiently related to one or more of the permissible goals of supervised release, and the fact that a condition of supervised release is not directly related to the crime of conviction does not render that condition per se invalid."  United States v. Sebastian, 612 F.3d 47, 50 (1st Cir. 2010) (quoting York, 357 F.3d at 20) (some internal formatting omitted).  The condition imposed must also be "consistent with any pertinent policy statements from the Sentencing Commission."  York, 357 F.3d at 20 (citing U.S.S.G. § 5D1.3(b)(2)).

In addition, the district court is "required to provide a reasoned and case-specific explanation for the conditions it imposes."  Del Valle-Cruz, 785 F.3d at 58 (internal quotation marks and citations omitted).  Not only does such an explanation facilitate appellate review, but the statute also requires it. Id. (quoting 18 U.S.C. § 3553(c)).  Nevertheless, even absent an adequate explanation by the district court, we may infer the court's reasoning from the record.  Id. at 58-59.  In all cases, however, the sentence must find "adequate evidentiary support in the record."  Id. at 58.

Applying the above principles, we have found sex offender treatment conditions a reasonable means of enabling defendants to "manage their impulses and . . . reduce recidivism."

United States v. Morales-Cruz, 712 F.3d 71, 75 (1st Cir. 2013) (quoting McKune v. Lile, 536 U.S. 24, 33 (2002)); see also Mercado, 777 F.3d at 538 (sex offender treatment condition "is reasonably related to rehabilitation and protecting the public").  For sex offenders, that risk of recidivism is "frightening and high." Sebastian, 612 F.3d at 51 (quoting Smith v. Doe, 538 U.S. 84, 105 (2003)) (internal quotation marks omitted).  Moreover, subsequent criminal conduct, whether or not of a sexual nature, indicates an enhanced risk of recidivism.  See Mercado, 777 F.3d at 539; Morales-Cruz, 712 F.3d at 75; York, 357 F.3d at 21.  Thus a sex offender treatment condition may be reasonable even where the present offense is not sexual in nature.  See Mercado, 777 F.3d at 538.

Accordingly, we have upheld sex offender treatment conditions -- despite the conviction not being a sex offense -- where the defendant committed a prior sex offense in recent years, see York, 357 F.3d at 20-21, or where the intervening time between a distant sex offense and the present conviction is marked by substantial criminal activity, see Mercado, 777 F.3d at 537-38; Morales-Cruz, 712 F.3d at 74-76; Sebastian, 612 F.3 at 50-51.  More generally, even when a defendant has not previously committed a sex offense, a sex offender treatment condition may be proper if the defendant has otherwise exhibited an enhanced risk of sexual

misconduct.  See United States v. Prochner, 417 F.3d 54, 63-64 (1st Cir. 2005).

Our analyses of restrictions on association with minors have followed an analogous approach.  Such restrictions operate to protect the public, especially children, from the defendant, see United States v. Santiago, 769 F.3d 1, 9 (1st Cir. 2014); United States v. Smith, 436 F.3d 307, 312 (1st Cir. 2006), as well as to promote the defendant's rehabilitation.  See Mercado, 777 F.3d at 538; Prochner, 417 F.3d at 64.  Similar to sex offender treatment conditions, associational conditions may be proper where the defendant has recently committed a sex offense against a minor, or where the intervening time between a prior sex offense and the present conviction is marked by substantial criminal activity, see Mercado, 777 F.3d at 538-39; Santiago, 769 F.3d at 9, or where the defendant's conduct otherwise indicates an enhanced risk to minors, see Prochner, 417 F.3d at 64-65; Smith, 436 F.3d at 311-12.  By contrast, we have vacated associational conditions where the defendant's prior sex offense occurred in the distant past, the intervening time was marked by lawful social activity, and the district court did not otherwise explain the need for such restrictions.  See Del Valle-Cruz, 785 F.3d at 59-64.

In addition, our cases upholding associational conditions have emphasized a key limitation.  Generally, such conditions are "sufficiently circumscribed" when they do not place

an outright ban on association with minors, but only curtail association, such as by requiring pre-approval by the probation officer or another authority, see Mercado, 777 F.3d at 539; Santiago, 769 F.3d at 6; Smith, 346 F.3d at 312, or by operating in limited contexts, see Prochner, 417 F.3d at 64-65 (upholding condition prohibiting "unsupervised contact" with minors and "direct supervision" of minors).  Where the restriction is subject to supervision by the probation officer, a safeguard is that the defendant can petition the district court to modify the condition in the event that approval has been unreasonably withheld.  See Mercado, 777 F.3d at 539 (citing 18 U.S.C. § 3583(e)(2); Fed. R. Crim. P. 32.1 advisory committee's note); Prochner, 417 F.3d at 65 n.8.[4]

Recently, we applied the above principles in two SORNA sentencing cases.  Del Valle-Cruz, 785 F.3d 48; Mercado, 777 F.3d 532.  In both cases, as here, the defendant failed to register in violation of SORNA, and the district court imposed a sentence of incarceration followed by supervised release with special conditions.  See Del Valle-Cruz, 785 F.3d at 53-54; Mercado, 777 F.3d at 534-35.  As here, the special conditions included a sex offender treatment program with polygraph testing, and no

---

[4] In noting this limitation, we do not decide that an absolute ban on association would be error under similar circumstances.  It suffices that we do not face a scenario here involving such a ban.

contacting, residing, working, or volunteering with minors without advance approval by the probation officer. The Mercado panel affirmed the sentence, finding the conditions adequately supported by the district court's findings and the defendant's criminal history, including a prior sex offense conviction that occurred some ten years prior and substantial criminal activity in the intervening time. See 777 F.3d at 537-39.

By contrast, Del Valle-Cruz vacated the contact and residence restrictions. 785 F.3d at 52. In doing so, we emphasized two key distinctions from Mercado and other cases. First, the defendant's criminal history was notably less. His sole prior sex offense conviction had occurred fifteen years earlier. See id. at 61-62. And he had not committed any crimes for nearly a decade prior to the present conviction but had pursued a college degree and, at the time of his arrest, worked two jobs. See id. Second, the district judge "offered no explanation whatsoever for the conditions imposed." Id. at 61. And in light of the defendant's sparse criminal history, the panel did not find the conditions adequately supported by the record. See id. at 62.

Pabon's case is similar to Mercado and unlike Del Valle-Cruz. He has a copious criminal history and received a clear explanation for the conditions imposed. As for his criminal history, in 2005, he repeatedly molested the fourteen-year-old

- 10 -

daughter of his then-girlfriend in her mother's home.[5]  He was convicted in 2008, less than three years before the present conviction.  Not only was this offense close in time to the SORNA violation, but it also involved a prolonged sexual relationship with a minor over whom he was in a position of apparent trust and authority.  This grave offense warranted an eight-year prison sentence.  That seven of those years were suspended does not detract from the gravity of the crime.  See Sebastian, 612 F.3d at 51.

Moreover, Pabon has accumulated a staggering array of other convictions.  At the time of sentencing, he had committed enough criminal activity to put him in the highest criminal history category (VI) under the sentencing guidelines.  As previously noted, among his convictions were four for assault, with two in the last ten years, and a prior SORNA violation mere months after his sex offense conviction.

Against the backdrop of this substantial criminal history, the district court explained the rationale for imposing the conditions.  The court found that the conditions were necessary in order to keep the public safe, and especially to protect minors

---

[5] The uncontested facts from the presentence investigation report show that Pabon molested the minor "on numerous occasions" in her mother's home.  He evaded the mother's notice by molesting the minor only when the mother was in a different part of the house. In addition, Pabon and the minor exchanged furtive letters that were replete with sexual references.

from Pabon's violent inclinations. It explained that Pabon had "demons" he needed to deal with, a history of beating up women that needed to be addressed, and an inability to control his anger that made him a potential danger to children. Moreover, the court also found that the conditions would facilitate Pabon's rehabilitation, noting that Pabon's demons would not just go away by themselves.

In addition, the district court did not ban Pabon's association with minors, but instead required prior approval by the probation officer. This diminishes the deprivation of Pabon's liberty, for "[t]here is no basis for believing that the probation officer will unreasonably withhold permission." Mercado, 777 F.3d at 539. And in the event that the officer denies permission unreasonably, Pabon may petition the district court for redress. See id.; 18 U.S.C. § 3583(e)(2).

In sum, the district court adequately justified the sentence in relation to the goals of sentencing and Pabon's offense, history, and characteristics. It also properly limited the conditions so as not to deprive more liberty than necessary to achieve the sentencing goals. The court acted well within its discretion.

## III. Remaining Challenges

At most, we review the remainder of Pabon's challenges for plain error. Pabon has waived these challenges because he has

not even attempted to meet his four-part burden for forfeited claims under United States v. Padilla, 415 F.3d 211, 218 (1st Cir. 2005) (en banc).  In any event, the district court did not commit plain error.  Most of Pabon's claims are foreclosed by precedent. Of the three claims that are not, one fails on the second prong of the plain error test.  The other two assume improper constructions of the conditions, and we note the correct constructions.

Under the plain error doctrine, "[i]f an error is not properly preserved, appellate-court authority to remedy the error . . . is strictly circumscribed."  Puckett v. United States, 556 U.S. 129, 134 (2009); see also Padilla, 415 F.3d at 218 ("the plain error test constitutes a mandatory limitation on a federal appellate court's remedial authority").  "[A] reviewing court may set aside a challenged portion of a criminal sentence if, and only if, the appellant succeeds in showing (1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings."  Padilla, 415 F.3d at 218 (internal quotation marks omitted).  The party asserting plain error bears the burden of persuasion.  Id.

Measured against this familiar rubric, Pabon has waived review of his forfeited claims because he does not even attempt to meet the four-part test.  It is well established that "issues

adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Although Pabon argues that the district court has erred in numerous ways, he does not anywhere cite the four-factor test or attempt to establish its latter three factors. Even after the government pointed this deficiency out to Pabon in its briefing, Pabon still failed to address the Padilla factors in his reply brief. Having failed to do so, Pabon has waived these claims.

In any event, there was no plain error. We have previously rejected similar challenges on plain error review. See Mercado, 777 F.3d at 536-37 (rejecting Article III challenge to delegation of authority to a probation officer); id. at 539 (rejecting freedom of association challenge to associational conditions); Prochner, 417 F.3d at 65 (rejecting 18 U.S.C. § 3563(b)(5) and U.S.S.G. § 5F1.5 challenge to employment condition); York, 357 F.3d at 23 (rejecting inherent unreliability challenge to polygraph test condition).

Pabon's most plausible challenge is that the district court failed to make sufficient findings justifying the restrictions on association with his minor daughter. Relying primarily on the Ninth Circuit's decision in United States v. Wolf Child, 699 F.3d 1082 (9th Cir. 2012), he asserts that the district court was required to make a particularized finding that he poses

a danger to his own child, not merely to minors in general. At a minimum, this challenge falters on the second prong of plain error review, which requires the asserted error to "be clear or obvious, rather than subject to reasonable dispute." Puckett, 556 U.S. at 135. While we have held that an infringement of a parent's right to associate with his child requires "a greater justification," Del Valle-Cruz, 785 F.3d at 62, we have never before required the kind of particularized finding that Pabon asserts is necessary.[6] Moreover, at least two courts of appeals have held that a prior sex offense against a minor is sufficient to justify similar associational conditions, even where the record did not include particularized findings. See United States v. Rodriguez, 558 F.3d 408, 417 (5th Cir. 2009); United States v. Heidebur, 417 F.3d 1002, 1005 (8th Cir. 2005). Where, as here, there is no controlling authority or clearly established legal norm, and other circuits have differing views, we think that the issue is, at best, one of reasonable dispute. Thus there is no clear or obvious error.

---

[6] We recently recognized, in dictum, that whether a defendant's right to associate with his minor son may be restricted based on prior sexual misconduct toward minor girls presents "substantial constitutional questions." United States v. Vélez-Luciano, __ F.3d __, No. 14-1738, 2016 WL 759876, at *7 (1st Cir. Feb. 25, 2016). Vélez-Luciano, however, did not decide that question, and neither do we. In any event, the Vélez-Luciano dictum is inapposite, as it was based on the fact that sexual proclivities toward girls do not necessarily indicate sexual proclivities toward boys. Id. at 21. Here, Pabon, who has a history of sexual misconduct toward girls, is seeking to associate with his minor daughter.

Pabon's two remaining challenges fail given the proper construction of the district court's order. First, Pabon argues that the polygraph test condition requires him to answer self-incriminating questions lest his release be revoked in violation of his Fifth Amendment privilege against self-incrimination. Revoking a probationer's release for asserting his Fifth Amendment rights is plainly unconstitutional. See York, 357 F.3d at 24-25. However, the condition does not spell out that forbidden penalty, but merely requires Pabon to participate in polygraph testing. Thus we do not read the polygraph test condition as also obliging Pabon to disclose information that may lead to a separate criminal conviction. See id. at 25 (citing United States v. Davis, 242 F.3d 49, 52 (1st Cir. 2001)).

Second, Pabon claims that the no-contact condition is overbroad because it prohibits even incidental encounters with children and practically amounts to house arrest. It takes more than a stretch to read the condition as one intended to place Pabon under house arrest, and nothing in the record supports such a reading. More generally, associational restrictions are usually read to exclude incidental encounters. See Arciniega v. Freeman, 404 U.S. 4, 4 (1971); accord, e.g., United States v. Shultz, 733 F.3d 616, 622 (6th Cir. 2013); United States v. Soltero, 510 F.3d 858, 866 (9th Cir. 2007); United States v. Johnson, 446 F.3d 272, 281 (2d Cir. 2006); United States v. Loy, 237 F.3d 251, 269 (3d

Cir. 2001); <u>United States</u> v. <u>Paul</u>, 274 F.3d 155, 166 (5th Cir. 2001).  Thus, we read the no-contact condition as only covering intentional contact.

**IV. Conclusion**

For the foregoing reasons, we **<u>AFFIRM</u>** the sentence as construed.