# United States Court of Appeals
## For the First Circuit

No. 16-2046

UNITED STATES OF AMERICA,

Appellee,

v.

ROGER GARCIA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, <u>Chief U.S. District Judge</u>]

Before

Howard, <u>Chief Judge</u>,
Stahl and Lynch, <u>Circuit Judges</u>.

<u>John T. Ouderkirk, Jr.</u> on brief for appellant.
<u>Donald C. Lockhart</u>, Assistant United States Attorney, and
<u>Stephen G. Dambruch</u>, Acting United States Attorney, on brief for
appellee.

September 22, 2017

HOWARD, **Chief Judge**. Defendant-Appellant Roger Garcia challenges the district court's imposition of supervised release conditions, after the district court vacated his original sentence under Johnson v. United States, 135 S. Ct. 2551 (2015). Those release conditions require him to "participate in a sex offender specific evaluation," and restrict his contact with minor children. Perceiving no abuse of discretion, we affirm.

## I.

In 2010, Garcia pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court imposed a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). More than five years later, in the wake of Johnson, which invalidated the relevant portion of the ACCA, Garcia moved to vacate his sentence. The government agreed that this relief was appropriate.

The district court granted Garcia's motion, vacated his prior sentence, and conducted a resentencing hearing. The court sentenced Garcia to time served, which meant that he would be promptly released, but went on to impose certain special conditions of supervised release, related to Garcia's history of sex offenses. These special conditions had not been included in the original sentence.

- 2 -

Garcia's criminal history was indeed substantial. In 1980, he was convicted of rape and sentenced to three years in prison. That same year, he was charged with aggravated sexual assault on a child, but ultimately pled guilty to assault resulting in bodily injury and received a one-year sentence. In 1985, Garcia was convicted of sexual assault in the second degree on a teenage victim and sentenced to prison for a year. In 1991, he was convicted of second degree child molestation based on two separate incidents at elementary schools. He received an incarcerative sentence of eighteen months. Garcia's criminal conduct during this time period was not limited to sex offenses. He also compiled convictions for vehicle theft, robbery by assault, entering a building with felonious intent, and possession of marijuana.

While Garcia had not been convicted of any sex offense since 1991, his recent criminal history remained significant. He had been convicted of domestic assault and possession of marijuana in 2000, as well as distribution of heroin in 2007.

At the resentencing hearing, the district court provided the following explanation for imposing the supervised release conditions:

> [Y]ou have a history of hands-on sex offenses in your past. I recognize that these offenses are dated, but everything that I know and that the Probation Office is aware of in terms of the information about sex offenders is that there is a propensity to reoffend. This is all designed to . . . both protect the public

and to keep you out of trouble. And I think that your chances of not offending are enhanced by having the evaluation I'm talking about in these conditions as well as not being put into a situation where you might offend. . . . I've . . . left a couple of standard conditions off of this list that are more onerous . . . because I don't think that given the fact that your offenses are dated and that it's not the offense of conviction here, I don't think they're specifically called for.

## II.

Despite characterizing defense counsel's objections to the supervised release conditions as "somewhat disjointed," the government "assumes arguendo . . . that review is for . . . abuse of discretion." Because Garcia's claim fails even under this favorable assumption, we will apply the abuse of discretion standard without deciding whether Garcia is entitled to that standard of review. See United States v. York, 357 F.3d 14, 19 (1st Cir. 2004).

Our inquiry is guided by 18 U.S.C. § 3583(d) and U.S.S.G. §5D1.3(b). These provisions "require that special conditions cause no greater deprivation of liberty than is reasonably necessary to achieve the goals of supervised release, and that the conditions be reasonably related both to these goals and to the nature and circumstances of the offense and the history and characteristics of the defendant." United States v. Pabon, 819 F.3d 26, 30 (1st Cir. 2016) (citation omitted). The relevant goals "include the need to deter the defendant from further criminal

conduct; the need to protect the public from further crimes by the defendant; and the effective educational, vocational, medical, or other correctional treatment of the defendant." Id. (citation omitted). While "the district court is required to provide a reasoned and case-specific explanation for the conditions it imposes," we may affirm even without an adequate explanation so long as the court's reasoning may be inferred from the record. Id. at 30-31 (citation omitted).

On appeal, Garcia focuses narrowly on the conditions (1) requiring him to "comply[] with a sex offender evaluation"; and (2) restricting his contact with individuals under the age of eighteen. According to Garcia, the district court abused its discretion in imposing these conditions because they were "not applicable to [his] offense" of conviction, "not based on factual evidence in the record," and largely predicated on "outdated" convictions.

The first of these contentions is easily dispatched. Indeed, we have recently held that the imposition of conditions nearly identical to those at issue here "may be reasonable even where the present offense is not sexual in nature." Id. at 31. We went on to specify that conditions requiring sex offender treatment and those restricting contact with minors may be appropriate "despite the conviction not being a sex offense . . . where the intervening time between a distant sex offense and the

present conviction is marked by substantial criminal activity." Id. This is because "subsequent criminal conduct, whether or not of a sexual nature, indicates an enhanced risk of recidivism." Id.; see also United States v. DaSilva, 844 F.3d 8, 12 (1st Cir. 2016) (affirming similar conditions where defendant's last sex offense was ten years earlier but he had three subsequent criminal convictions "in the intervening years"); United States v. Mercado, 777 F.3d 532, 538 (1st Cir. 2015) (holding that ten-year-old sex offense was rendered "highly relevant" by "the defendant's persistent criminal involvement over the intervening years").

In the present case, despite expressly acknowledging that Garcia's sex offense convictions were "dated," the district court determined that the challenged conditions were necessary "to both protect the public and to keep [Garcia] out of trouble." While the court did not explicitly mention Garcia's significant criminal history since his last sex offense, its reliance on this factor is readily inferable from the record. For one thing, we have clearly and repeatedly reaffirmed the relevance of such intervening convictions. See DaSilva, 844 F.3d at 12; Pabon, 819 F.3d at 31; Mercado, 777 F.3d at 538. Moreover, the district court was acutely aware of Garcia's criminal history, which had been laid out meticulously in the Presentence Investigation Report ("PSR") and incorporated into the court's calculation of the applicable guideline sentencing range. Regardless of whether the

district court's explanation could have been more fulsome, it bears marked similarity to reasoning that we have previously found sufficient. See Mercado, 777 F.3d at 538 (finding it "nose-on-the-face plain that the court's sentencing rationale was both plausible and sufficient" based on district judge's explanation "that the supervised release term was designed not only to help the defendant in abating his criminal tendencies but also to curtail future . . . violations").

Garcia takes issue with the district court's statement that "everything that I know and that the Probation Office is aware of in terms of the information about sex offenders is that there is a propensity to reoffend." As an initial matter, the court's statement on this point finds direct support in Supreme Court precedent. See, e.g., Smith v. Doe, 538 U.S. 84, 103 (2003) ("The risk of recidivism posed by sex offenders is frightening and high." (citation omitted)). More importantly, immediately after making this general statement, the court "went on to explain that [the relevant] conditions were intended to mitigate the risk of this particular defendant re-offending." Mercado, 777 F.3d at 539. This individualized consideration is evidenced by the court's decision that certain "standard" conditions, namely those involving polygraph testing and searches, were not "specifically called for" in this case.

The primary authority relied on by Garcia, United States v. Del Valle-Cruz, 785 F.3d 48 (1st Cir. 2015), is readily distinguishable. The defendant in that case had a single eighteen-year-old sex offense on his record. See id. at 60. For the prior twelve years, he had "stayed out of trouble," and had no criminal convictions other than failure to register as a sex offender. Id. at 61. Garcia's situation is markedly different. Far from involving a single isolated incident, his criminal history evinces a pattern of sexual misconduct towards minors. See Pabon, 819 F.3d at 32 (noting "repeated[]" nature of defendant's molestation of minor). Indeed, the PSR indicates that Garcia committed four sex crimes, three of which involved young victims. And Garcia has not "stayed out of trouble" since the last of these convictions. Instead, he has continued to engage in serious criminal misconduct, culminating in a conviction for distributing heroin just three years before his guilty plea in this case.

Beyond the diverging personal histories of the defendants, there are other considerations clearly distinguishing the present case for Del Valle-Cruz. First, the conditions imposed in the latter case "implicate[d] a fundamental constitutional liberty interest" because the restrictions on the defendant's contact with minors applied to his own son. Del Valle-Cruz, 785 F.3d at 56-57. No such concern is implicated here, as Garcia's children are all adults. Moreover, the district court in Del

Valle-Cruz imposed the conditions "without any justification or explanation." Id. at 56. Here, by contrast, the district court provided a revealing, if not expansive, window into its rationale. In short, our ruling in Del Valle-Cruz was predicated on the unique circumstances of that case, and we have in other cases distinguished this precedent for reasons similar to those outlined above. See DaSilva, 844 F.3d at 12-13; Pabon, 819 F.3d at 32.

Finally, Garcia argues that there is no basis for his special conditions because they were not imposed at his original sentencing. We disagree. The Supreme Court made clear in Pepper v. United States, 562 U.S. 476, 490-91 (2011), that district courts have wide discretion in determining what factors to consider at resentencing. There is "[n]o limitation . . . on the information concerning the background, character, and conduct" of the defendant that the district court may "receive and consider for the purpose of imposing an appropriate sentence," id. (alteration in original) (quoting 18 U.S.C. § 3661), particularly as it relates to the need to "protect the public from further crimes of the defendant," id. at 491 (quoting 18 U.S.C. § 3553(a)(2)). In light of Garcia's four prior sex offenses, and the fact that he was released nine years earlier than he would have been under his original sentence, it was certainly not an abuse of discretion for the district court to conclude that the conditions were necessary "to both protect the public and to keep [Garcia] out of trouble."

Because the supervised release conditions at issue are well-grounded in Garcia's criminal history, as well as in the goals of public protection and rehabilitation, the district court did not abuse its discretion in imposing those conditions.

**III.**

For the forgoing reasons, we **<u>AFFIRM</u>** Garcia's sentence.