[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10327

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC B. BOYKIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:21-cr-00022-LAG-TQL-1

_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Cedric Boykin appeals his sentence of 12 months and one day followed by five years' supervised release imposed after he pleaded guilty to one count of failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). He argues that the district court abused its discretion in imposing polygraph testing as a special condition of his supervised release because it is a greater deprivation of liberty than necessary and is not reasonably related to his offense or his personal history and characteristics. After review, we affirm.

## I.    Background

In 2003, Boykin was convicted in a jury trial in Pennsylvania of involuntary deviant sexual intercourse, unlawful contact with a minor, statutory sexual assault, indecent assault, and corrupting a minor. As part of his sentence, he was required to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA). He was required to update his registration annually and to notify Pennsylvania authorities with any change in residence or employment.

Boykin was released from state custody in 2010 and between 2010 and 2020, he complied with the annual registration requirements. But in 2021, he moved from Pennsylvania to Georgia and failed to notify authorities or update his registration.

In May 2021, an anonymous source reported to local authorities in Georgia that they observed him peeking through the window of another apartment in his complex and had looked Boykin up online and determined that he was a sex offender. Local authorities determined that Boykin was a sex offender and had relocated to Georgia without providing the required notification or updating his registration, and a warrant was issued for his arrest.

A grand jury charged Boykin with failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). Boykin pleaded guilty. His guidelines range was 12 to 18 months' imprisonment and a term of supervised release of five years to life. The United States Probation Office recommended several special conditions of supervised release, including, but not limited to, (1) that Boykin participate in a mental health treatment program and a sex offender treatment program, (2) that he not have contact with minors unless another adult is present; (3) that his person, home, vehicle, and electronic devices were subject to search; (4) that he submit to polygraph testing to determine if he was in compliance with the conditions of supervision and/or his treatment programs; and (5) that he comply with SORNA requirements.

Boykin objected to the special conditions, arguing that the failure to register as a sex offender is not a sex offense and therefore the special conditions were not reasonably related to the offense, his history or characteristics, and involved a greater deprivation of liberty than is necessary to accomplish the goals of

the sentencing factors set forth in 18 U.S.C. § 3553(a).  He also noted that he previously completed a sex offender treatment program.  As it related to polygraph testing, he argued that the condition did not relate to any of the relevant sentencing factors, was a greater deprivation of liberty than reasonably necessary, and was inappropriate because failing to register as a sex offender is not a sex offense.

The probation office responded that:

Polygraph testing is integral to providing effective treatment and supervision strategies to ensure the defendant's rehabilitation, pursuant to 18 U.S.C. § 3553(a)(2)(D). *The Guide to Judiciary Policy, Volume 8, Part I*, indicates criminal justice supervision and sex offender specific treatment interventions are only effective when used alongside polygraph testing.  Polygraph examinations provide a continued incentive for an offender to be truthful with the probation officer and treatment provider. The results allow for an informed and effective treatment plan to be generated because the officer and provider have full knowledge of the offender's problems, current and historical.   The Eleventh Circuit Court of Appeals upheld polygraph testing as it "helps ensure compliance with the conditions of supervised release because probationers fear that any false denials of violations will be detected."  *U.S. v. Taylor*, 338 F.3d 1280, 1283 (11th Cir. 2003).

At sentencing, Boykin argued that sex offender treatment was inappropriate because failing to register as a sex offender was not a sex offense, and he had already completed a sex offender treatment program and the treatment provider had not recommended additional treatment. Boykin argued that the polygraph testing requirement was related to sex offender treatment, and if he did not need sex offender treatment then the polygraph testing requirement was inappropriate. The government declined to respond to Boykin's objections, stating it was "leav[ing] it with the Court."

The district court imposed a sentence of 12 months and one day followed by five years' supervised release. In light of Boykin's previous completion of a sex offender treatment program, the district court ordered that Boykin should undergo an assessment to determine whether additional treatment was appropriate, as well as an assessment to determine whether mental health treatment was appropriate. The district court concluded that the polygraph testing condition was appropriate "monitoring to make sure that we're staying on the right path." Boykin now appeals the sentence, challenging only the polygraph testing special condition of his supervised release.

## II.    Discussion

Boykin argues that the polygraph testing requirement is greater than necessary to achieve the goals of § 3553(a) and is not reasonably related to his conviction for a non-sex offense or his history and characteristics. He maintains that there were other

conditions in place to ensure that he would comply with the requirements of his supervised release, such as the sex offender and mental health assessments—and assuming treatment was deemed appropriate, the probation office could work with the providers to ensure he was complying with the supervision conditions.[1]

"[W]e review the imposition of special conditions of supervised release for abuse of discretion." *United States v. Carpenter*, 803 F.3d 1224, 1237 (11th Cir. 2015) (quotation omitted).

> [U]nder the abuse of discretion standard of review there will be occasions in which we affirm the district court even though we would have gone the

---

[1] Boykin also argues for the first time on appeal that the polygraph testing condition is "overbroad and vague . . . and allows for arbitrary and discriminatory enforcement by the probation office." "Where a defendant fails to clearly state the grounds for an objection in the district court, however, he waives the objection on appeal and we are limited to reviewing for plain error." *See United States v. Carpenter*, 803 F.3d 1224, 1237 (11th Cir. 2015) (quotation omitted). A defendant must "articulate the specific nature of his objection to a condition of supervised release so that the district court may reasonably have an opportunity to consider it." *Id.* (quotation omitted). Because Boykin failed to make this specific argument in the district court, we review only for plain error. *Id.* Boykin fails to cite any authority to support his argument. Accordingly, he cannot satisfy the plain error standard. *See United States v. Lejarde–Rada,* 319 F.3d 1288, 1291 (11th Cir. 2003) (stating that, when the explicit language of a statute or rule does not specifically resolve an issue, plain error cannot exist in absence of precedent from the Supreme Court or our Court directly resolving the issue).

> other way had it been our call. . . . As we have stated previously, the abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.

*United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc) (quotation omitted). Thus, "[w]e will reverse only if we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached." *United States v. Moran*, 573 F.3d 1132, 1137 (11th Cir. 2009) (quotation omitted).

The district court has the discretion to order special conditions of supervised release that it deems appropriate provided that the condition: "(1) is reasonably related to" the nature and circumstances of the offense, history and characteristics of the defendant, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with needed training, medical care, or correctional treatment in the most effective manner; "(2) involves no greater deprivation of liberty than is reasonably necessary" to achieve the purposes of the § 3553(a) factors; and "(3) is consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583; *see also United States v. Zinn*, 321 F.3d 1084, 1089 (11th Cir. 2003). The weight given to any § 3553(a) factor is a matter committed to the discretion of the district court. *See United States v. Williams*, 526 F.3d 1312, 1322

(11th Cir. 2008). "[I]t is not necessary for a special condition to be supported by each factor enumerated in § 3553(a). Rather, each is an independent consideration to be weighed." *Zinn*, 321 F.3d at 1089.

Here, the district court did not abuse its discretion in imposing the polygraph testing condition. This condition was reasonably related to Boykin's history and characteristics and the nature and circumstances of his offense and promoted the goals of deterrence and protecting the public. Although Boykin is correct that the failure to register as a sex offender is not a sex offense, it still "has everything to do with sex" because it is his sex offender status that caused him to have to register in the first place. *See United States v. Barcus*, 892 F.3d 228, 236 (6th Cir. 2018); *see also United States v. Hohag*, 893 F.3d 1190, 1195 (9th Cir. 2018) ("SORNA exists, in part, to address the concern that, when a sex offender fails to register or to update his or her registry, the offender may have done so as part of an effort, conscious or not, to re-offend."). Boykin was convicted in 2003 of several sexual offenses related to a minor. Although he did not have any issues after his release from custody in 2010, after his failure to register in 2021, law enforcement received an allegation that he was behaving inappropriately in his neighborhood. Given his criminal history, his recent disregard for the registration requirements and failure to notify authorities when he moved, and the recent allegation of inappropriate behavior, we cannot say that the district court committed a "clear error of judgment" in imposing

polygraph testing to ensure Boykin's compliance with the conditions of his supervised release—including that he avoid contact with minors except in the presence of another adult.

The fact that some of Boykin's special conditions may be repetitive in that they could serve the same function of ensuring his compliance with the supervised release conditions does not establish that the district court's decision was a clear error of judgment. And to the extent that Boykin argues that polygraph testing per se deprives him of his liberty interests, we have rejected that argument. *United States v. Taylor*, 338 F.3d 1280, 1284 (11th Cir. 2003); *Zinn*, 321 F.3d at 1090.

Furthermore, although we have never addressed in a published opinion the propriety of polygraph testing as a special condition for a failure-to-register conviction, we have upheld sex offender conditions for non-sex offenses. For example, in *Moran*, the defendant was convicted of being a felon in possession of a firearm, and we upheld as special conditions of his supervised release the requirements that he participate in mental health treatment for sex offenders, register as a sex offender, and have limited contact with minors, reasoning that those conditions were appropriate given his prior sex offense conviction and his history and characteristics. 573 F.3d at 1135, 1139–40. We also note that two of our sister circuits have upheld as reasonable polygraph testing conditions for a failure-to-register conviction. *See Barcus*, 892 F.3d at 237; *United States v. Pabon*, 819 F.3d 26, 30–33 (1st Cir. 2016).

Consequently, we are not left with a "definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached." *Moran*, 573 F.3d at 1137 (quotation omitted).  Accordingly, we affirm.

**AFFIRMED.**