**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No.18-2241

UNITED STATES OF AMERICA,

Appellee,

v.

MANUEL VEGA-MONSERRATE,

Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Kayatta, Howard, and Gelpí,
Circuit Judges.

José Luis Novas-Debién for appellant.
Julia M. Meconiates, Assistant United States Attorney, with whom W. Stephen Muldrow, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, were on brief, for appellee.

December 5, 2022

**KAYATTA**, **Circuit Judge**. Manuel Vega-Monserrate appeals from his 81-month sentence for drug and firearm charges, arguing that his sentence was both procedurally and substantively unreasonable. For the foregoing reasons, we affirm the district court.

Vega-Monserrate pled guilty to two counts in the District Court for the District of Puerto Rico: the first for possession, with the intent to distribute, of marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(c); and the second for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Relevant to this appeal is the sentence for the drug count.

In the plea agreement, the parties proposed a guideline sentencing range for the drug count of zero to six months based on the drug quantity that Vega-Monserrate admitted to possessing with the intent to distribute. Subsequently, the probation office issued a presentence report in which it calculated a guideline sentencing range of twelve to eighteen months. In calculating this higher range, the probation office took into account additional drugs found in the apartment in which Vega-Monserrate was arrested. See U.S.S.G. § 1B1.3; United States v. McDonald, 804 F.3d 497, 502 (1st Cir. 2015). Many of these drugs were mentioned in the affidavit filed with the initial criminal

complaint; the presentence report also included a quantity of powder cocaine that was not mentioned in the initial affidavit.

Vega-Monserrate did not offer any objection to the calculations in the presentence report. To the contrary, in his sentencing memorandum he asked the district court to consider the presentence report, along with the sentencing factors under 18 U.S.C. § 3553(a) and personal background factors. The memorandum went on to ask for a sentence based on the parties' agreed-upon range set forth in the plea agreement. At sentencing, Vega-Monserrate again offered no challenges to the attribution of drugs or the calculation of the sentencing range made by probation.

The district court decided to reject the parties' proposed sentences. It instead sentenced Vega-Monserrate to a within-guidelines sentence of fifteen months, smack in the middle of the range calculated by the probation office. Vega-Monserrate then asked for reconsideration, arguing that more weight should be given to the plea agreement, even though it was not binding. He also challenged -- for the first time -- the fact that the probation office attributed to him (as relevant conduct) drugs beyond those that he admitted to possessing in his plea agreement. The district court denied reconsideration.

Now on appeal, Vega-Monserrate advances yet another challenge to the calculation of the drug quantity in the presentence report, describing the calculation as "incongruous."

- 3 -

By that he means that some of the cocaine included in the presence report's calculation of drug quantity should not have been included because it was not mentioned in the affidavit upon which the criminal complaint was based. Vega-Monserrate contends that this incongruity rendered the calculation of the guideline sentencing range unreliable, and the sentence both procedurally and substantively flawed.

Whether Vega-Monserrate waived his present argument by not objecting to the presentence report, see, e.g., United States v. Turbides-Leonardo, 468 F.3d 34, 38 (1st Cir. 2006), by not objecting at sentencing to the inclusion of the specific drugs he now challenges, see, e.g., United States v. Lilly, 13 F.3d 15, 17-18 (1st Cir. 1994), or by failing to develop an argument that the district court's decision constituted plain error, see, e.g., United States v. Pabon, 819 F.3d 26, 33 (1st Cir. 2016), we need not decide. Even if we were to consider the belated challenge and conclude that inclusion of some of the cocaine was error (a finding we do not make), the government points out that subtracting those drugs does not alter the guideline sentencing range at all. Vega-Monserrate offers no challenge to that calculation. So any error -- if there was error -- was harmless. Finally, even on abuse-of-discretion review, Vega-Monserrate offers no basis for finding his within-guideline sentence substantively flawed.

For the foregoing reasons, the judgment of the district court is <u>affirmed</u>.