# United States Court of Appeals
## For the First Circuit

No. 23-1819

UNITED STATES OF AMERICA,

Appellee,

v.

KEVIN MILLETTE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Nancy Torresen, U.S. District Judge]

Before

Gelpí, Thompson, and Kayatta,
Circuit Judges.

Edward S. MacColl, with whom Thompson, Bull, Bass & MacColl
LLC, P.A. was on brief, for appellant.

Brian S. Kleinbord, Assistant United States Attorney, with
whom Darcie N. McElwee, United States Attorney, was on brief, for
appellee.

November 20, 2024

**GELPÍ**, **Circuit Judge**.  Defendant-Appellant Kevin Millette ("Millette") was subject to several special conditions of supervised release.  One special condition specifically prohibited Millette from unsupervised contact with minors.  The district court found that Millette violated that condition.  As a result, the court revoked his supervised release and sentenced him to two months' imprisonment followed by a five-year term of supervised release with the same special condition reimposed.  Millette now appeals the revocation of his supervised release and the reimposition of the special condition prohibiting him from having unsupervised contact with minors.  Upon review, we discern no error and affirm.

## I.  BACKGROUND

### A. Millette's Criminal History and Supervised Release

We begin by recounting the facts.  In 2016, a one-count information was filed against Millette, charging him with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  According to the presentence report, Millette possessed 24,277 still images and 1,022 videos of child pornography.  When law enforcement interviewed him, Millette admitted, among other things, that viewing child pornography was a "life-long" problem for him.  Subsequently, Millette pleaded guilty to the possession of child pornography, and the district

court sentenced him to 120 months' imprisonment followed by a seven-year term of supervised release.[1]

In December 2020, after Millette had served about sixty-one months of his sentence, the district court granted Millette's motion for compassionate release. To mitigate the risks associated with Millette's release, the district court imposed several special conditions. The special condition at issue, Special Condition 9, prohibits unsupervised contact with minors. It specifically states:

> Defendant shall not associate, or have verbal, written, telephonic or electronic communication, with persons under the age of eighteen, except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense, and who has been approved by the probation officer. This restriction does not extend to incidental contact during ordinary daily activities in public places (emphasis added).

Millette's daughter was a minor at the time of his release.

In January 2021, a probation officer reviewed the conditions of Millette's supervised release with Millette over the phone. Millette confirmed to the officer that he understood those conditions. About two months later, however, Millette's internet activity revealed that he was searching for "tykable diapers" and

---

[1] This was Millette's second offense related to child pornography. In 2010, Millette was convicted in Maine state court for possession of sexually explicit materials depicting a minor under the age of twelve.

- 3 -

"ABDL," which stands for "Adult Baby Diaper Lovers." When a probation officer confronted Millette about his internet usage in April 2021, Millette admitted to the searches and was instructed not to do it again.

Millette continued to exhibit troublesome behavior over the following year. For example, in April 2021, his probation officer again reprimanded Millette for his internet activity. And, in May 2022, Millette disclosed to his supervising probation officer that he had magazines that depicted both adults and minors he found sexually attractive and that he had subscribed to the magazine "Parenting" for "arousal purposes."

On August 12, 2023, Probation Officer Kate Phillips ("PO Phillips") made an unannounced visit to Millette's residence. Millette lived with his mother, an adult whom the Probation Office approved to supervise Millette's contact with his then-fifteen-year-old daughter. When PO Phillips entered the house, she found Millette's teenage daughter on an inflatable mattress in Millette's bedroom. Millette's mother was found in the backyard near the pool -- about twenty to thirty feet from the house -- wearing a wet bathing suit.

PO Phillips asked Millette where he had slept the previous night, and he answered that he slept on the living room couch while his daughter slept on a "cot" in his bedroom. But when PO Phillips separately questioned Millette's mother, she

- 4 -

answered that Millette slept in his room with his daughter. Millette then admitted that his daughter and he slept in his bedroom the night before, and on previous occasions. PO Phillips subsequently moved the court to revoke Millette's supervised release for violating Special Condition 9.

## B. Revocation Hearing

The district court held the final revocation hearing on September 25, 2023. At that hearing, PO Phillips testified that Millette's mother had stated that Millette slept in the same room as his daughter more than once. PO Phillips also stated that she had instructed Millette that it was his responsibility to leave a room whenever he was in it with a minor and no supervisor was present.

Millette, through counsel, admitted that he and his daughter slept on different beds in his bedroom without an approved supervisor in the room, but challenged that his conduct violated Special Condition 9. Millette's counsel argued that his conduct was consistent with Special Condition 9 because Millette was within his mother's presence. Arguing that the word "presence" made the condition "inherently ambiguous," Millette's counsel stated that the term is subject to different interpretations and that the interpretation of that term in the defendant's favor would be that an approved adult is present when within the same dwelling as Millette, even if in a different room. The government argued that

Special Condition 9 is clear enough to prohibit Millette from sleeping in the same room with a minor without supervision.

The district court ultimately found that Millette's conduct constituted a "clear violation" of Special Condition 9. The district court explained that "any reasonable person would see" that Millette's conduct constituted a violation in light of his criminal background and the purpose behind conditions that limit interactions with minors in this context -- namely, to protect them from a "serious epidemic" of adults who circulate images of sexually assaulted children. The district court noted that Millette has contributed to such epidemic "now twice." Indeed, the district court reasoned, Millette's initial response to lie to PO Phillips when she first questioned him about the sleeping arrangement with his daughter indicated that he "knew full well" that he violated Special Condition 9. While the district court acknowledged that Special Condition 9 may be "ambiguous in its outer recesses," it deemed Millette's conduct "so far beyond the line" not to be "really debatable," emphasizing that "no contact with minors means no minors sleeping in your room." Before sentencing, the district court noted that Millette was "in denial" about his conduct and urged him to "behave differently."

For said violation, the district court sentenced Millette to two months' imprisonment followed by five years of

supervised release. At the same time, it reimposed Special Condition 9 (now, Special Condition 8).

Millette timely appealed. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## II. DISCUSSION

Millette advances several related arguments on appeal. First, he asserts that "in the presence of" is ambiguous and, if the ambiguity is interpreted in his favor with the benefit of the rule of lenity, then the district court erred in finding that he violated Special Condition 9. Second, Millette argues that the district court erred by reimposing, without sufficient explanation, an ambiguous condition that restricts his ability to parent his child. We address each argument in turn, applying the appropriate standard of review.

### A. Revocation of Supervised Release

Millette's challenge to Special Condition 9 centers on the phrase "in the presence of." He argues that the phrase is ambiguous. And so, he contends, the rule of lenity dictates that we construe the ambiguity in his favor, such that Special Condition 9 is satisfied when an approved adult is anywhere within the same house.

In a revocation proceeding, the government bears the burden of proving by a preponderance of the evidence that the defendant violated a condition of his release. United States v.

Teixeira, 62 F.4th 10, 17 (1st Cir. 2023); 18 U.S.C. § 3583(e)(3). While the Federal Rules of Evidence do not apply in revocation proceedings, the government must present "reliable" evidence. Teixeira, 62 F.4th at 17.  If the court finds a violation, it must then decide whether to modify or revoke the defendant's supervised release.  United States v. Colón-Maldonado, 953 F.3d 1, 3 (1st Cir. 2020).

"We review the district court's ultimate decision to revoke supervised release for abuse of discretion, and the underlying finding of a violation of supervised release for clear error."  United States v. Dudley, 100 F.4th 74, 81 (1st Cir. 2024) (quoting United States v. Wright, 812 F.3d 27, 30 (1st Cir. 2016)). Within the limits of the abuse of discretion standard, we review de novo "embedded questions of law" while "embedded findings of fact engender clear-error review."  United States v. Del Valle-Cruz, 785 F.3d 48, 58 (1st Cir. 2015) (quoting United States v. Carrasco-De-Jesús, 589 F.3d 22, 27 (1st Cir. 2009)).

The clear error standard is "exceedingly deferential." United States v. Matos, 328 F.3d 34, 39-40 (1st Cir. 2003) (citation omitted).  This court will find that a district court abused its discretion "only when [we are] left with a definite conviction that 'no reasonable person could agree with the judge's decision.'"  United States v. McCullock, 991 F.3d 313, 317 (1st

Cir. 2021) (quoting United States v. Cruz-Ramos, 987 F.3d 27, 41 (1st Cir. 2021)).

A supervised release condition must be "sufficiently clear and specific to serve as a guide for the defendant's conduct." 18 U.S.C. § 3583(f). However, conditions of supervised release need not be "precise to the point of pedantry" and must be read "in a commonsense way." United States v. Gallo, 20 F.3d 7, 12 (1st Cir. 1994); see also United States v. Cruz, 49 F.4th 646, 653-54 (1st Cir. 2022) (holding that a condition of supervised release was not "unconstitutionally vague" based on a commonsense and contextual reading).

Millette did not and does not dispute his conduct. He admits to having slept in the same room as his minor daughter on multiple occasions without a supervisor in the room. His only contention is that he did not violate Special Condition 9 because his mother -- an approved "responsible adult" -- was at the home while he and his daughter slept in the same room. The district court disagreed with Millette, and in so doing, made clear its view that "in the presence of" requires more than the "responsible adult" be in a different room while Millette had prolonged contact with a minor in his bedroom.

We agree with the district court. A reasonable person would not conclude that A is in B's presence if A is in the bedroom and B is elsewhere in the house, out of sight and earshot, much

less out swimming in a pool. "Presence" suggests a person's "immediate vicinity." See Presence, Merriam-Webster (Nov. 18, 2024), https://www.merriam-webster.com/dictionary/presence (emphasis added). And even if a less immediate scope were suggested in some context, here the context -- an attempt to ensure that Millette was supervised when with a minor -- belies any notion that Millette could closet himself away with a minor overnight, free from observation by any adult.

Millette's own conduct supported the district court's interpretation of the condition as a sufficiently clear guide to his behavior. Millette initially lied to PO Phillips, telling her that he slept on a couch in the living room while his teenage daughter slept on a "cot" inside his bedroom. He later admitted that he slept in the same room with his daughter only after his mother had indicated as much. The district court reasoned that Millette's lie demonstrated that he "knew full well" that sleeping alone in a room with his underaged daughter constituted a violation of his supervised release. We agree that Millette's perceived need to cover up his sleeping arrangement provided support for the conclusion that he himself read the condition as likely barring such conduct.

Millette argues that the district court committed an error of law by refusing to apply the rule of lenity when interpreting Special Condition 9. But even if we were to assume

- 10 -

that lenity has a role to play that is not played by 18 U.S.C. § 3583(f) in construing conditions of supervised release, by its own terms lenity only applies where there is a "grievous ambiguity" that cannot otherwise be resolved. United States v. Dion, 37 F.4th 31, 39 (1st Cir. 2022). No such ambiguity exists here.

## B. Reimposition of the Special Condition

Millette next argues that the district court erred by reimposing Special Condition 9 (now, Special Condition 8) without an adequate explanation. Millette insists that the reimposition of that condition is particularly inappropriate in this case because it restricts his constitutionally protected interest in parenting his minor daughter. We disagree.

We review "preserved objections to the imposition of a special condition of release for abuse of discretion and unpreserved objections for plain error." United States v. Windle, 35 F.4th 62, 67 (1st Cir. 2022) (citing McCullock, 991 F.3d at 317). Here, we assume that Millette properly preserved his challenge to the district court's decision to reimpose a condition that limits his unsupervised contact with minors. See United States v. Mulero-Algarín, 866 F.3d 8, 11 (1st Cir. 2017).

## 1. Abuse of Discretion Review

District courts have "significant flexibility" in imposing conditions of supervised release. McCullock, 991 F.3d at 319 (quoting United States v. Marino, 833 F.3d 1, 10 (1st Cir.

- 11 -

2016)).  That flexibility, however, is not without limits.  New (or reimposed) conditions of release must be "reasonably related" to, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. §§ 3583(d)(1), 3553(a)(1).  Of note, too, is that conditions must "involve[] no greater deprivation of liberty than is reasonably necessary" to deter and rehabilitate the defendant and "protect the public from [any] further crimes."  See 18 U.S.C. §§ 3583(d)(2), 3553(a)(2)(B)-(D).  For that reason, we require that the sentencing court "set forth a 'reasoned and case-specific explanation' for the conditions it imposes."  United States v. DaSilva, 844 F.3d 8, 11 (1st Cir. 2016) (quoting United States v. Perazza-Mercado, 553 F.3d 65, 69 (1st Cir. 2009)).

A condition that limits Millette's unsupervised contact with minors is indeed "reasonably related" to his specific offense and his history and characteristics.  Millette has admitted to law enforcement that viewing child pornography has been a "life-long" problem for him.  And despite two convictions for child-pornography-related offenses, his subsequent conduct -- his internet activity in 2021, confessions to his supervising officer in 2022, and inability or unwillingness to understand that it was wrong to sleep in a bedroom with his 15-year-old daughter without a supervisor -- suggests that this continues to be a problem for him.  In that way, Special Condition 9 (currently, Special

- 12 -

Condition 8) is related to Millette's specific offense and history and is also necessary to protect the public from further crimes.

In addition, the district court's explanation for reimposing the special condition was adequate. The requirement that the district court explain its reasoning for imposing (or reimposing) a condition is satisfied "without a written or oral explanation of the reasons supporting the condition if we can infer the court's reasoning" from examining the record. See United States v. Garrasteguy, 559 F.3d 34, 42 (1st Cir. 2009); see also United States v. Vega-Rivera, 866 F.3d 14, 21 (1st Cir. 2017). Before rendering its sentence, the district court expressed concerns that "there is serious epidemic" of people sexually assaulting children and circulating those images and noted that Millette has "fallen into it now twice." The court also concluded that Millette was in "denial" about the seriousness of his recent conduct. Against the backdrop of Millette's criminal history and more recent conduct, we can infer from the record that Millette poses an ongoing risk of danger to minors. Thus, we find that the explanation here was sufficient considering the extensive evidentiary record and Millette's criminal history and characteristics.

Moreover, the special condition does not overly restrict Millette's constitutional interest in parenting his daughter. Conditions that "would impair a defendant's relationship with his

child" require a "greater justification." <u>United States</u> v. <u>Del Valle-Cruz</u>, 785 F.3d 48, 62 (1st Cir. 2015). Conditions that limit a defendant's association with minors, including his children, are proper when, among other things, "the defendant's conduct otherwise indicates an enhanced risk to minors." <u>United States</u> v. <u>Pabon</u>, 819 F.3d 26, 31 (1st Cir. 2016). Such conditions "are sufficiently circumscribed when they do not place an outright ban on association with minors, but only curtail association, such as by requiring pre-approval by the probation officer." <u>Id</u>. at 31-32 (internal quotation marks and citations omitted). It is an added "safeguard" that "defendant can petition the district court to modify the condition in the event that approval has been unreasonably withheld." <u>Id</u>. at 32.

In Millette's case, the condition does not impose an "outright ban" on him from having any contact with his daughter. <u>See</u> <u>id.</u> at 31. It requires only that his interactions with her and other minors happen under the supervision of a responsible person approved by the probation officer. <u>See, e.g.</u>, <u>United States</u> v. <u>Tilley</u>, 105 F.4th 482, 487 (1st Cir. 2024) (upholding a condition prohibiting unsupervised contact with minors). That is a proper limitation considering that Millette continues to pose an "enhanced risk to minors," as evidenced by his previous internet activity and more recent confessions to his supervising officer. Further, as the record reflects, Millette's probation officers did

- 14 -

not "unreasonably withhold permission" from Millette "to see his own children." United States v. Acevedo-Osorio, 118 F.4th 117, 138 (1st Cir. 2024) (quoting United States v. Mercado, 777 F.3d 532, 539 (1st Cir. 2015)).  Rather, he had regular supervised visits with his daughter.

Since the record justifies limiting Millette's unsupervised contact with minors, we find that the district court did not abuse its discretion in reimposing such a condition.

### III. CONCLUSION

For the foregoing reasons, we **affirm** the revocation of Millette's supervised release and reimposition of a condition that limits his contact with minors.